PER CURIAM.
Two Tax Court judgments have been consolidated for appellate review. The property which is the subject of both appeals consists of a two story, one hundred and eight unit garden apartment complex on 8.14 acres located within appellant municipality, the Borough of Eatontown. The first appeal to the Tax Court contested the assessments imposed by the Monmouth County Board of Taxation for 1974 and 1975 and was originally heard by the Division of Tax Appeals. However, it was concluded in the Tax Court by Judge Crabtree who also heard and decided the second group of appeals for the years 1976-1979. The two Tax Court judgments presently before us reduced the assessments for each of the six years under review.
In attacking both judgments with regard to the total assessments for each of the six years from 1974 through 1979, Eaton-town relies on the following points of argument:
POINT I THIS CASE COMES WITHIN THE TRI-TERMINAL RULE AND THE TAXPAYER HAS FAILED TO PROVE DISCRIMINATION
POINT II THE COURT’S FINDING AS TO LAND VALUE FOR 1974-1975 IS ERRONEOUS AND IS CONTRADICTED BY THE RECORD
POINT III THE COURT ERRED IN BASING ITS RULING STRICTLY ON THE INCOME APPROACH TO VALUATION AND ITS FINDINGS OF VALUE WERE IN ERROR
POINT IV THE COURT ERRED IN EXCLUDING DEFENDANT’S EXPERT TESTIMONY REGARDING VITAL COMPONENTS OF THE COMPARABLE SALES
POINT V THE COURT ERRED BY ADOPTING THE CAPITAL RECAPTURE RATE OFFERED BY THE PLAINTIFF
POINT VI THE COURT ERRED IN ACCEPTING THE ECONOMIC RENT POSITED BY THE PLAINTIFF FOR THE TAX YEARS 1976-1979
*220 The scope of appellate review from a determination of the Tax Court is no different from that applicable to a nonjury determination of any other trial court. Even prior to creation of the Tax Court, the standard of appellate review was essentially the same. Our inquiry then was whether the determination of the Division of Tax Appeals was “supported by substantial credible evidence on the whole record, allowing for agency expertise and evaluation of the credibility of witnesses.” Parkview Village Assoc. v. Bor. of Collingswood, 62 N.J. 21, 34, 297 A.2d 842 (1972); Glenwood Realty Co. v. East Orange, 78 N.J.Super. 67, 73,1 87 A.2d 602 (App.Div.1963). Since the judges assigned to the New Jersey Tax Court have special expertise, we will not disturb their findings unless they are plainly arbitrary or there is a lack of substantial evidence to support them. Ibid.; see Passaic v. Botany Mills, 72 N.J.Super. 449, 453-454, 178 A.2d 657 (App.Div.1962), certif. den. 37 N.J. 231, 181 A.2d 13 (1962).
Our review of the record satisfies us that the trial judge could reasonably have reached his factual and legal conclusions on sufficient credible evidence in the record as a whole, giving due regard to his ability to judge the credibility of the witness. Kozlowski v. Kozlowski, 80 N.J. 378, 383, 403 A.2d 902 (1979). The judgments appealed from are affirmed substantially for the reasons expressed by Judge Crabtree in his written opinion dated May 11, 1981, for the years 1974-1975 and in his written opinion dated December 24, 1980 as corrected January 29, 1981 and reported at 2 N.J.Tax 94, (1981), for the years 1976-1979.