PER CURIAM;
Appellant, the Borough of South River, contends that the taxpayer’s asphalt plant should be taxed as real property and not as business personal property as found by Judge Conley in the Tax Court. The essential facts are not in dispute and are set forth in Judge Conley’s detailed opinion. 5 N.J.Tax 272 (Tax Ct.1983).
We concur with Judge Conley’s conclusion that the rule established in Bayonne v. Port Jersey Corp., 79 N.J. 367, 399 A.2d 649 (1979), requires this property to be taxed as business personal property. Significantly, in this case, in 1978 and 1979, the taxpayer dismantled its “Madsen” asphalt plant and replaced it with components of a “McCarter” plant. Most of the apparatus which was part of the Madsen plant was transferred to another quarry site in New Jersey. As noted by the trial judge, the parties agreed that the batch house and scale house that remained on the property should be taxed as real property. Appellant does not quarrel with the holding that the retaining walls, composed of large moveable concrete blocks stacked upon one another, should be treated as business personalty as well.
Accordingly, the judgment is affirmed.