PER CURIAM.
On this appeal the taxpayer raises these contentions:
ISSUES PRESENTED
WAS THE TRIAL COURT’S VALUE CONCLUSION CORRECT?
IS TAXPAYER ENTITLED TO SUPPLANT CHAPTER 123?
DID THE TRIAL COURT ERR IN DENYING PLAINTIFF’S MOTION FOR A REHEARING?
LEGAL ARGUMENT
POINT I—THE TRIAL JUDGE MADE REVERSIBLE ERRORS IN THE VALUATION PORTION OF HIS OPINIONS.
A. DISCOUNT RATES
B. VACANCY COLLECTION LOSS
POINT II—CONSTITUTIONAL AND STATUTORY DISCRIMINATION RELIEF WAS IMPROPERLY WITHHELD.
A. DOUBLE ROUNDING (STATUTORY)
B. IMPROPER SALES (STATUTORY)
C. LAWS OF 1979 CHAPTER 51 SECTION 1 IS UNCONSTITUTIONAL.
D. THE NON-EXCLUSIVE CHARACTER OF CHAPTER 123 ENTITLED PLAINTIFF TO KENTS TYPE RELIEF.
We affirm for the reasons stated in Judge Crabtree’s 19-page written opinion of March 21, 1984 6 N.J.Tax 363, and his three-page written opinion of Mayl6,1984 on plaintiff’s motion *667 to reconsider. Despite the prodigious efforts of appellant’s counsel we are convinced that the judge decided the issues based on substantial evidence in the record.
Plaintiff-appellant carries a heavy burden in this challenge; it must show that the trial court’s findings are without substantial support in the record. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 485-486, 323 A.2d 495 (1974); G & S Company v. Eatontown Bor., 6 N.J.Tax 218 (App.Div.1982). Our court has noted that “[sjince the judges assigned to the New Jersey Tax Court have special expertise, we will not disturb their findings unless they are plainly arbitrary or there is a lack of substantial evidence to support them.” Id. at 220. We do not read Murnick v. Asbury Park, 95 N.J. 452, 471 A.2d 1196 (1984), as compelling a reopening of the record in the trial court. Our Supreme Court there said that as to the doctrine of finality “tax appeals are no different from any other case.” Id. at 464, 471 A. 2d 1196. The taxpayer here did avoid itself of the opportunity of challenging the ratio before the Tax Court.
Affirmed.