ORLANDO MINETTO, SR. AND ENES MINETTO, PLAINTIFFS-RESPONDENTS, v. BOROUGH OF NORTHVALE, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted February 20, 1986—Decided May 20, 1986.

Before Judges FRITZ, BRODY and GAYNOR.

*Contant, Contant, Schuber, Scherby & Atkins*, attorneys for appellant (*William P. Schuber* and *Andrew T. Fede* on the brief).

*Klinger, Nicolette, Mavroudis & Honig*, attorneys for respondents (*Allan H. Kliner*, of counsel; *Eric R. Perkins*, on the brief).

The opinion of the court was delivered by

GAYNOR, J.A.D.

Defendant municipality appeals from the decision of the Tax Court reducing the 1983 assessment of plaintiff's property from

$1,820,600 to $1,523,635, 7 *N.J.Tax* 293. The property consists of 5.34 acres improved with two adjoining buildings, one housing racquetball and tennis courts and the other containing a 38-lane bowling alley with cocktail lounge, snack bar and attached garage. It is contended the court erred in concluding that the bowling fixtures—the alleys, pinsetters and ball returns—were personal property and thus should not have been included in valuing the property for real property tax purposes. Defendant also maintains that plaintiffs failed to rebut the presumption of correctness which attached to the original assessment and consequently the court should not have undertaken to value the property.

We disagree with the contentions advanced by defendant and affirm the reduction of the assessment substantially for the reasons expressed by Judge Kahn in his published opinion.

■ In our view, there was sufficient credible evidence to support the court's finding that the bowling equipment could be removed from the building without serious physical damage to the freehold. Under the test enunciated by the Supreme Court in *City of Bayonne v. Port Jersey Corp.*, 79 *N.J.* 367, 378, 399 *A.*2d 649 (1979), the court properly concluded that the items were not fixtures subject to local property taxation. Defendant's reliance upon *Wiesenfeld v. Taxation Div. Director*, 3 *N.J.Tax* 3 (Tax Ct.1981) is misplaced as that case is factually distinguishable and the "institutional doctrine" test which it espoused has now been rejected. *See Sta-Seal Inc. v. Taxation Division Director*, 5 *N.J.Tax* 272 (Tax Ct.1983), aff'd. 6 *N.J.Tax* 345 (App.Div.1984), *certif.* den. 97 *N.J.* 644 (1984), and *Stem Bros., Inc. v. Alexandria Tp.*, 6 *N.J.Tax* 537 (Tax Ct.1984).

■ Further, while the municipality's original tax assessment was entitled to a presumption of validity, we question whether this presumption is applicable to a matter essentially involving the interpretation of a statute. In any event, we are satisfied that plaintiff's evidence as to the removability of the bowling

equipment was sufficient to rebut the presumed validity of the quantum of the assessment.

However, our review of the record indicates that the value of the sprinklers in the tennis and racquetball building may have been omitted from the court's calculation of the reduced assessment. Accordingly, the evidence relied upon in establishing the value of the improvements must be reexamined and appropriate adjustments made.

We therefore remand the matter to the Tax Court for any needed recomputation of the assessment and otherwise affirm the judgment entered March 5, 1985.