230 N.J. Super. 530 (1989)
553 A.2d 1368
NYT CABLE TV, A DIVISION OF THE NEW YORK TIMES COMPANY, PLAINTIFF-APPELLANT,
v.
THE BOROUGH OF AUDUBON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 3, 1989.
Decided February 6, 1989.
*531 Before Judges BAIME and D'ANNUNZIO.
Kevin J. Coakley argued the cause for appellants (Connell, Foley & Geiser, attorneys; Kevin J. Coakley of counsel; Kevin J. Coakley and Marie T. Quinn on the brief).
Nicholas F. Trabosh argued the cause for respondents (Nicholas F. Trabosh, attorney and on the brief).
The opinion of the court was delivered by BAIME, J.A.D.
Plaintiff NYT Cable TV, a division of the New York Times Company (NYT), appeals from a judgment of the Tax Court. The sole question presented is whether NYT's 250 foot high cable antenna tower, anchored to a sophisticated three-tier, six component, underground concrete foundation, should be taxed *532 as "[p]ersonal property used in business" under N.J.S.A. 54:11A-2(b) of the Business Personal Property Tax Act (N.J.S.A. 54:11A-1 et seq.) or as real property under N.J.S.A. 54:4-1 et seq. After unsuccessfully appealing its assessment to the Camden County Board of Taxation, NYT filed a complaint in the Tax Court, claiming that the structure was business personal property and was exempt from real property taxation by N.J.S.A. 54:4-1a and b. That statute renders taxable as real property "personal property affixed to ... real property" unless (1) "[t]he personal property so affixed can be removed or severed without material injury" to itself and the real property, and it is of a type "not ordinarily intended to be affixed permanently to real property," or (2) "[t]he personal property so affixed is machinery, apparatus, or equipment which is neither functionally essential to a structure" in which it is placed or to which it is "affixed nor constitutes a structure itself." N.J.S.A. 54:4-1a and b. In its complaint, NYT contended that its antenna tower was personal property used in business and fell within the purview of the statutory exemptions contained in N.J.S.A. 54:4-1a and b.
Following a plenary hearing, the trial judge in a reported opinion found that the tower was of a type "ordinarily intended to be affixed permanently to real property." 9 N.J. Tax 359. In making this determination, the judge acknowledged that the land was originally owned by defendant Borough of Audubon and was leased to NYT's predecessor with a provision requiring the lessee at the expiration of the term to remove the tower, including the reinforced foundation. 9 N.J. Tax at 368. Citing Koester v. Hunterdon Cty. Bd. of Tax, 79 N.J. 381 (1979), the trial judge found that this lease provision was not controlling. 9 N.J. Tax at 368. Rather, the judge emphasized that the statutory language, specifically the use of the word "ordinarily" before the word "intended," as appears in N.J.S.A. 54:4-1a(3), shifted the focus of the inquiry from what was actually intended to what was "ordinarily intended" with respect to like property. 9 N.J. Tax at 366. In reaching his ultimate conclusion, *533 the judge determined that "as of the date of [the] tower's installation a prudent cable [television] company would intend that [it] ... remain in place" as long as it could be used for its designated purpose and "would not be curtailed within the foreseeable future." 9 N.J. Tax at 369. The judge thus concluded that the tower failed to qualify under the statutory exemption provided by N.J.S.A. 54:4-1a(3).
Alternatively, the judge concluded that the tower did not constitute "tangible goods and chattels" or "personal property used in business," subject to taxation under N.J.S.A. 54:11A-2(b) of the Business Property Tax Act but exempt from assessment as real property, by N.J.S.A. 54:4-1a(1), where the object can be removed or severed without material injury to the real property. 9 N.J. Tax at 369-370. In this respect, the judge stated that the statutory references to "goods and chattels," N.J.S.A. 54:11A-2(b), and "personal property," N.J.S.A. 54:4-1a, pertained to "movable" articles, machinery and equipment that "might lose their character as personal property when attached to realty." 9 N.J. Tax at 370-371. In contrast, the judge stated that "[t]hey do not refer to improvements that are primarily real estate." 9 N.J. Tax at 371. Within this conceptual framework, the judge found that "the tower consist[ed] of the steel reinforced concrete foundation and its metal triangular superstructure" and that "[t]he total structure was intended to be built as a whole unit and as completed it constitutes a unitary improvement to real estate." Ibid. The steel vertical and diagonal cross bars, concrete and circular metal ties "when utilized together in the construction [were said to] result[] in a single structure and improvement to the freehold." Ibid. Accordingly, the judge concluded that the metal superstructure was "part of the real estate and not `goods and chattels' or `personal property so affixed to the real property.'" 9 N.J. Tax at 372. The trial judge further found that "in the event it is so determined to be personal property affixed to real property, [he would] conclude that the metal superstructure's removal would materially injure the freehold." Ibid.
*534 We find ample support in the record for the trial judge's conclusion that NYT's tower is of a type "ordinarily intended to be affixed permanently to real property" and is thus not exempt from real property taxation by N.J.S.A. 54:4-1a(3). Despite the prodigious efforts of NYT's counsel, we are convinced that the trial judge decided the issue based upon substantial evidence in the record. As we noted in Kearny Leasing Corp. v. Town of Kearny, 7 N.J. Tax 665 (App.Div. 1985), "`[s]ince the judges assigned to the New Jersey Tax Court have special expertise, we will not disturb their findings unless they are plainly arbitrary or there is a lack of substantial evidence to support them.'" Id. at 667, quoting G & S Company v. Eatontown Bor., 2 N.J. Tax 94 (1980), aff'd 6 N.J. Tax 218, 220 (App.Div. 1982). Applying that principle, we cannot fairly say that the trial judge went so wide of the mark that a mistake must have been made. P.T. & L. Const. v. Dept. of Transp., 108 N.J. 539, 560 (1987). See Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 485-486 (1974); State v. Johnson, 42 N.J. 146, 162 (1964). Instead, we are satisfied that the finding made "could reasonably have been reached on sufficient credible evidence present in the record." State v. Johnson, supra, 42 N.J. at 162.
We are also fully satisfied that the judge correctly applied an objective standard in making this determination, rather than assessing what was subjectively intended as to the permanence of the tower. In this respect, the judge fully complied with the statutory mandate. Compare Chevron U.S.A., Inc. v. Perth Amboy, 9 N.J. Tax 205, 242-243 (Tax Ct. 1987) with Westinghouse Broadcasting Co., Inc. v. Taxation Div. Director, 141 N.J. Super. 301, 305 (App.Div. 1976). We are thus in complete accord with the trial judge's conclusion that NYT's antenna tower was not exempt from real property taxation by the exclusion set forth in N.J.S.A. 54:4-1a(3).
In light of this disposition, we have no occasion to address whether or not the trial judge was correct in his alternative *535 holding that the tower and its foundation constituted a "unitary improvement to real estate" and the "metal superstructure was never `goods and chattels,' or `machinery,' or `equipment' that was attached to real estate." 9 N.J. Tax at 371. In reaching this conclusion, the judge determined that the "tower consist[ed] of the steel reinforced foundation and its metal triangular superstructure." Ibid. NYT challenges this factual conclusion on the basis that the concrete foundation and the steel tower should have been treated separately. Stated another way, NYT argues that, while the concrete foundation constituted real property, the metal superstructure fell within the definition of "personal property used for business" and "goods and chattels" subject to taxation under the Business Personal Property Tax Act. See N.J.S.A. 54:11A-2(b). Our research discloses some support for the thesis advanced by NYT. See, e.g., City of Bayonne v. Port Jersey Corporation, 79 N.J. 367 (1979); Stem Bros., Inc. v. Alexandria Tp., 6 N.J. Tax 537 (Tax Ct. 1984); Sta-Seal, Inc. v. Taxation Div. Director, 5 N.J. Tax 272 (Tax Ct. 1983), aff'd 6 N.J. Tax 345 (App.Div. 1984), certif. den. 97 N.J. 644 (1984); Union Tp. v. Taxation Div. Director, 1 N.J. Tax 15 (Tax Ct. 1980). Cf. Minetto v. Borough of Northvale, 7 N.J. Tax 293 (Tax Ct. 1985), aff'd 210 N.J. Super. 312, 314 (App.Div. 1986). On the other hand, it has been pointed out that the cited decisions pertained to objects which, although extremely large, heavy or unwieldy, were nevertheless readily movable. See Chevron U.S.A., Inc. v. Perth Amboy, supra, 9 N.J. Tax at 244-248 (Hopkins, J.T.C. concurring). It has been cogently argued by some that the issue should be resolved "in terms of the basic law of fixtures, i.e., determination of the point at which chattels affixed to realty lose their identity as chattels and become part of the realty." Id. at 246. See also Wiesenfeld v. Taxation Div. Director, 3 N.J. Tax 3 (Tax Ct. 1981); Bostian v. Franklin State Bank, 1 N.J. Tax 270 (Tax Ct. 1980), aff'd 179 N.J. Super. 174 (App.Div. 1980). Suffice it to say, we perceive no pressing need to enter this thicket and resolve that question here.
*536 In a similar vein, we need not and do not address whether the trial judge was correct in his determination that the tower cannot be "removed or severed without material injury to the real property." N.J.S.A. 54:4-1a(1). As pointed out by NYT, the validity of this factual conclusion hinges upon whether the metal superstructure should be treated separately from the concrete foundation upon which it is anchored. Because we have found ample support in the record for the trial judge's conclusion that the tower is of a type "ordinarily intended to be affixed permanently to real property," N.J.S.A. 54:4-1a(3), we have no occasion to consider whether it can or cannot be removed "without material injury to the real property." N.J.S.A. 54:4-1a(1).
As we noted at the outset of our opinion, NYT advanced the alternative argument before the Tax Court that its tower is exempt from real property taxation because it consists of "machinery, apparatus, or equipment which is neither functionally essential to a structure the personal property is within or to which the personal property is affixed nor constitutes a structure itself." N.J.S.A. 54:4-1b. On appeal, NYT presents the same contention, noting that the trial judge never addressed or resolved the issue in his reported opinion. While it is true that the trial judge made no explicit reference to this argument, a careful reading of his opinion discloses that he implicitly found the exemption set forth in N.J.S.A. 54:4-1b to be inapplicable. Specifically, the judge concluded that the metal bars and ties constituted a "single structure" and that the antenna, the cable dishes and the other electronic equipment actually used in receiving and transmitting microwave signals were exempt "machinery and equipment." 9 N.J. Tax at 371. In our view, this factual finding is "supported by adequate, substantial and credible evidence." New Jersey Turnpike Authority v. Sisselman, et al., 106 N.J. Super. 358, 370 (App.Div. 1969), certif. den. 54 N.J. 565 (1969).
Before leaving the subject, one further matter deserves some attention. On December 19, 1988, the Division of Taxation *537 promulgated a series of regulations[1] designed to assist in the construction of N.J.S.A. 54:4-1a and b. Although this appeal concerns the taxation of NYT's property in 1985 and 1986, NYT contends that we should apply the regulations retroactively. See Sorensen v. Taxation Div. Director, 184 N.J. Super. 393, 400-401 (Tax Ct. 1981). We merely observe that we have considered the new regulations and, in our opinion, they lend no support for the position urged by NYT. In point of fact, the Division, in its comments which accompanied the regulations, specifically noted that "notwithstanding the provisions of N.J.S.A. 54:4-1a. or b. as amended by chapter 117, ... certain property used in business, but which constitutes a structure such as [a] tower ... are likewise classified as real property for assessment purposes." 20 N.J.R. 3143. In sum, we discern no justifiable basis to disturb the result reached by the Tax Court.
Accordingly, the judgment of the Tax Court is affirmed.
NOTES
[1] 20 N.J.R. 3142(c).