DOUGHERTY, J.T.C.

Procedural History:

General Motors Corporation (“Taxpayer”) filed complaints challenging assessments for tax years 1983, 1984 and 1985. The City of Linden (the “City”) filed counterclaims in each of the three years. The matters were consolidated and tried in the Tax Court where a true value was determined which resulted in an increase in the assessments for all years. General Motors Corp. v. Linden, 12 N.J.Tax 24 (Tax 1991). On Taxpayer’s appeal, the Appellate Division reversed and remanded. General Motors Corp. v. City of Linden, 13 N.J.Tax 324 (App.Div.1993). It concluded the Supreme Court’s decision in Ford Motor Co. v. Edison Tp., 127 N.J. 290, 604 A.2d 580 (1992), and the Legislature’s enactment of the Business Retention Act, L.1992, c. 24 (which included amendments to N.J.S.A. 54:4-1 and N.J.S.A. 54:4-1.12), (the “Act”) each occurring subsequent to the decision, “so seriously undermined the conceptual basis of the Tax Court’s reasoning as to require full reconsideration____” General Motors, supra, 13 N.J.Tax at 325. The Appellate Division directed this court on remand, to consider valuation “in accordance with [the property’s] ... highest and best *4 use as a going-concern automobile assembly plant or for other ‘kindred use as a heavy-manufacturing facility”’. Id. at 326. Citing the trial court’s reliance on Texas Eastern Transmission Corp. v. Div. of Taxation, 11 N.J.Tax 198 (Tax 1990), which the Act was designed to reverse, it further directed this court to consider: (1) the provisions of the Act in making its Cost Approach evaluation, suggesting that “some, if not all, of the fitups in this case constitute excluded personal property” under N.J.S.A 54:4-lb; and (2) “in the first instance ... in the context of a fully developed record” ... the implications of the Act upon the Market Data approach to valuation. General Motors, supra, 13 N.J.Tax at 328-29.
In the meantime, complaints and counterclaims were filed by Taxpayer and the City, for tax years 1986 through 1994. Years 1983 through 1994 are now before this court and have been consolidated for purposes of case management.
In this motion the City of Linden seeks partial summary judgment that N.J.S.A 54:4-1b (providing an exemption firom real property taxation for certain “machinery, apparatus and equipment”), N.J.S.A 54:4-1.12 (providing “notwithstanding the provisions of R.S. 54:4-1, a storage tank having a capacity more than 30,000 gallons is deemed to be real property----”), and N.J.S.A 54:4-1.16 (the effective date provisions of the Act, which the City refers to as the “phase in provisions”) violates on its face the “Uniformity Clause” of the New Jersey Constitution, N.J. Const. (1947), art. VIII, § 1, f 1(a) and must be stricken from the law.
N.J.S.A 54:4-1b and 54:4-1.16 were added to the statute as part of the Act. N.J.S.A. 54:4-1.12, originally enacted in 1986, L.1986, c. 117, § 3, was amended the Act.
On filing its motion, the City notified Deborah T. Poritz, Attorney General of New Jersey, as required by R. 4:28-4(a), who then moved on behalf of the State of New Jersey (the “State”) to intervene and defend the constitutionality of the challenged statutory provisions. A brief in support of the State’s motion and in opposition to the City’s motion was filed by the State. Neither Taxpayer nor the City opposed the Attorney General’s motion to *5 intervene and at the commencement of oral argument on the City’s motion the court ruled from the bench that the State was entitled to intervene under R. 4:28-4(d). The State thereafter participated in the argument of this motion.
For the reasons which follow, it is concluded that N.J.S.A. 54:4-1b does violate on its face the restraints imposed upon the taxation of real property by the Uniformity Clause. Because of this conclusion it is not necessary to reach the City’s challenge to the “phase in” provisions of N.J.S.A 54:4-1.16 as it now has no context in which to apply. As to N.J.S.A 54:4-1.12, it is determined that the provision is not facially defective. The City’s motion is granted as to N.J.S.A 54:4-1b, denied as to N.J.S.A. 54:4-1.12 and moot as to N.J.S.A 54:4-1.16.

I. Issue: Is N.J.S.A 54:4-lb violative on its face of the Uniformity Clause?

The City of Linden says that N.J.S.A. 54:4-1b as amended by the Act violates the Uniformity Clause. This is so, Linden says, because, “[t]he broadened definition of personalty espoused by [the Act] ..., with the resultant reclassification of certain fixtures from real property to personal property and the consequent removal of those fixtures from local property taxation ... fail[s] the litmus test of the Uniformity Clause, which requires that all real property ... be assessed according to the same standard of value ... [and be] taxed at the general rate of the taxing district____” Chevron USA, Inc. v. City of Perth Amboy, 9 N.J.Tax 205, 250 (Tax 1987) (Hopkins, J.T.C., concurring opinion). For all of the reasons which follow, this court agrees that N.J.SA 54:4-1b’s exemption is unconstitutional. New Jersey State League of Municipalities v. Kimmelman, 105 N.J. 422, 436, 522 A.2d 430 (1987) (“we cannot conclude that the ... Legislature could achieve, by the exemption clause, what could not be done under the constitutional restraints imposed upon it Lby the Uniformity Clause]”); Switz v. Kingsley, 37 N.J. 566, 585,182 A.2d 841 (1962) (“[w]e need not delay to consider the suggestion that this provision creates but a ‘rebuttable’ presumption, or that the Legislature had *6 in mind such ‘... value’ as could not be considered in any event.”); New Jersey Turnpike Auth. v. Washington Tp., 16 N.J. 38, 45,106 A.2d 4 (1954) (“classification^] ... for exemption ... based ... upon the status or vocation or avocation of [the owners] ... [are] without constitutional warrant.”).
N.J.S.A 54:4-1 imposes a tax upon limited items of personal property and defines personal property taxable as follows:
Ail property real and personal within the jurisdiction of this state, not expressly . exempted from taxation or expressly excluded from the operation of this chapter shall be subject to taxation annually____ Such properly shall be valued and assessed at the taxable value prescribed by law____ Personal property taxable under this chapter shall include, however, only the machinery, apparatus or equipment of a petroleum refinery that is directly used to manufacture petroleum products____and the tangible goods and chattels, exclusive of inventories, used in business of local exchanges telephone, telegraph and messenger systems____
[emphasis added]
It likewise imposes a tax upon real property and defines real property taxable as:
Real property taxable ... means all land and improvements thereon and includes personal property affixed to the real property or [to] an appurtenance thereto, unless:
a. (1) The personal properly so affixed can be removed or severed without material injury to the real property;
(2) The personal property so affixed can be removed or severed without material injury to the personal property itself; and
(3) The personal property so affixed is not ordinarily intended to be affixed permanently to real property; or
b. the personal property so affixed is machinery, apparatus, or equipment used or held for use in business and is neither a structure nor machinery, apparatus or equipment the primary purpose of which is to enable a structure to support, shelter, contain, enclose or house persons or property. For purposes of this subsection, real property shall include pipe racks, and piping and electrical wiring up to the point of connections with the machinery, apparatus, or equipment of a production process as defined in this section, [emphasis added]
Taxpayer and the Attorney General contend N.J.S.A 54:4-1b merely classifies items of personal property. They assert some personal property becomes subject to local taxation as if it were real property under N.J.S.A 54:4-1, while other personal property, “machinery apparatus and equipment used or held for use in business”, is thereafter exempted from local taxation by N.J.S.A 54:4-1b. Neither of them makes any attempt to reconcile *7 N.J.S.A 54:4-1’s exclusion of all personal property other than that of petroleum refineries and local telephone exchanges specifically described in the section, with the provision they claim thereafter recreates a broad class of taxable personal property. The provision which recreates that broad class of taxable personal property is said to be N.J.S.A 54:4-1’s “real property taxable ... includes personal property affixed....” These two clauses, “personal property taxable ... shall include ... only” and “real property taxable ... includes personal property affixed ...” are 4 sentences apart in the statute. If “real property taxable ... includes personal property affixed” is given the meaning urged by Taxpayer and the State, it is clearly inconsistent with “personal property taxable shall include ... only”. No attempt is made to explain the inconsistency. The position taken by Taxpayer and the State is an unreasonable interpretation of plain language. If adopted, that position would place the statute in direct conflict with Uniformity Clause mandates. It is concluded, that N.J.S.A 54:4-1’s “real property taxable ... includes personal property affixed” has a meaning consistent with the meaning of “real property” in the Uniformity Clause. A meaning found in the common law. The common law which includes “fixtures” within the class of property identified as “real property”. The language of N.J.S.A 54:4-1 merely describes that species of real property.
This opinion could end once it is concluded that “real property taxable ... includes personal property affixed ...” is merely descriptive of a species of real property, the assessment and taxation of which is protected by Uniformity requirements, for Taxpayer and the State have based their argument upon the premise that the exemption of N.J.S.A. 54:4-1b is an exemption of personal property. I continue, however, to examine the exemption in its real property context as that position was posited by the City. The exemption provided in N.J.S.A 54:4-1b, I conclude, turns upon subjective intent and not upon any attribute inhering in the property nor the use to which the property is devoted. The exemption must fail for this reason also.
*8 The interpretation urged by Taxpayer and the State which results in a reclassification of property, from real to personal and taxable to exempt, is clearly illustrated by comparing the outcome in Emmis Broadcasting Corp. v. East Rutherford Bor., 14 N.J. Tax 524 (Tax 1995), a case decided after the enactment of the Act, with the outcomes in NYT Cable TV v. Audubon Bor., 9 N.J.Tax 359 (Tax 1987), aff'd, 230 N.J.Super. 530, 553 A.2d 1368 (App.Div.), certif. denied, 117 N.J. 646, 569 A.2d 1344 (1989), and Westinghouse Broadcasting Co., Inc. v. Director, Div. of Taxation, 141 N.J.Super. 301, 358 A.2d 203 (App.Div.1976), each decided under pre-Act law. In Emmis, supra, the Tax Court concluded that a radio tower constituted “machinery, apparatus and equipment” under N.J.S.A 54:4-1b and was therefore exempt from real property taxation. In both NYT Cable TV and Westinghouse, supra, radio towers which were “legally indistinguishable” from the radio towers in Emmis (Emmis, supra, 14 N.J.Tax at 531) were held to be real property, and therefore subject to real property taxation.
Taxpayer and the State reason that the exemption for tangible property used or intended to be used in “activities] ... conducted for profit” [N.J.S.A 54:4-1.15] is a permissible exercise of the Legislature’s power to classify personal property for either exemption or preferential treatment. They rely upon Switz v. Kingsley, 37 N.J. 566, 585, 182 A.2d 841 (1962) (“[t]he [Uniformity Clause] mandate[s] for sameness in standard of value and tax rate is limited to real property”), and the Exemption Clause, N.J. Const, art. VIII, § 1, H2 (“[e]xemptions from taxation may be granted ... by general laws”).
Because of the conflict regarding the very definition of “real property”, the threshold issue for decision here is:
A What is Uniformity Clause real property?
N.J. Const, art. VIII, § 1,111(a) provides:
Property shall be assessed for taxation under general laws and by uniform rules. All real vroverty assessed and taxed locally or by the State for allotment and payment to taxing districts shall be assessed according to the same standard of value, except as otherwise permitted herein, and such real property shall be taxed *9 at the general tax rate of the taxing district in which the property is situated, for the use of such taxing district.
[emphasis added]
The City, State, and Taxpayer agree that it is the nature of personal property affixed or appurtenant to real property which is subject to the provisions of N.J.S. A. 54:4-1b. Only this property, whose character under the Uniformity Clause, and whose taxable or exempt status under N.J.S.A 54:4-1b, is of concern to us in these matters. The parties have used the term “fixture” as shorthand for the statute’s language “personal property affixed to real property [i.e. to land or improvements thereon] or [to] an appurtenance thereto — ” N.J.S.A 54:4-1. That use is confusing because of the legal significance of the word. I use “Items Affixed” instead. In the context of Items Affixed, the threshold issue narrows to:

1. Are Items Affixed ever included in Uniformity Clause real property ? And if so, when ?

The City looks to the common law of property for the meaning of the term “real property” in the Uniformity Clause. I find that the common law in New Jersey divides property into two genuses — “real property” and “personal property”. “Fixtures”, the City asserts, are a species of real property, just as land and improvements are. The Uniformity Clause, it continues, restrains the exemption of any real property except where the exemption is based upon features inherent in the real property or upon the use to which the property is devoted. New Jersey State League of Municipalities v. Kimmelman, 105 N.J. 422, 522 A.2d 430 (1987). The City concludes that the exemption provided under N.J.S.A 54:4-1b is intended to and does by its very terms extend to Fixtures “used” in the efforts of manufacturers to earn income. Therefore, the City contends, the exemption violates the Uniformity Clause.
Under the City’s argument, New Jersey common law provides that an Item Affixed becomes a Fixture and therefore real property when its relationship with the land satisfies the test set out in Teaff v. Hewitt, 1 Ohio St. 511, (Sup.Ct.1853). That test, appear *10 ing in New Jersey as early as 1854 (see for example Bank of America Nat’l Ass’n v. La Reine Hotel Corp., 108 N.J.Eq. 567, 156 A. 28 (Ch. 1931); Feder v. Van Winkle, 53 N.J.Eq. 370, 33 A. 399 (E. & A.1895); Standard Oil Co. of New Jersey v. Atlantic City, 18 N.J.Misc. 582, 15 A.2d 271 (St.Bd.Tax App.1940); and Fahmie v. Nyman, 70 N.J.Super. 313, 175 A.2d 438 (App.Div.1961)), requires an objective intent to permanently attach the item of personalty to the realty. “Objective intent” is an intent deduced by examining the facts and circumstances surrounding the annexation of the Item Affixed to the land (or its improvements). Those facts and circumstances and that objective intent were described by the Teaff court as:
1st. Actual annexation to the realty, or something appurtenant thereto.
2d. Appropriation to the use or purpose of that part of the realty with which it is connected.
3d. The intention of the party making the annexation, to make the article a permanent accession to the freehold — this intention being inferred from the nature of the article affixed, the relation and situation of the party making the annexation, the structure and mode of annexation, and the purpose or use for which the annexation has been made. Teaff, supra, 1 Ohio St. at 530.
The City relies upon the Teaff test to define what a Fixture is (i.e. the three part test) and to resolve the question whether Fixtures are “real property” under common law principles.
Taxpayer and the State disagree in part with the City’s analysis. They urge this court to conclude that the character of an Item Affixed as between real and personal property is determined solely by whether removal or severance of the Item will result in “the irreparable or serious physical injury or damage to the freehold”. City of Bayonne v. Port Jersey Corp. 79 N.J. 367, 378, 399 A.2d 649 (1979). They do not dispute the City’s position that the common law in New Jersey was, at least until Bayonne, as the City posits. Nor do they dispute that the Teaff analysis continues after Bayonne to have the force of precedent in areas of the law other than real property taxation. See Hall v. Luby Corp., 232 N.J.Super. 337, 556 A.2d 1317 (Law Div.1989); H.J. Bradley, Inc. v. Director, Div. of Taxation, 4 N.J.Tax 213 (Tax 1982). They ask this court to conclude, however, that the Supreme Court in Bayonne abandoned, for purposes of real property taxation, the *11 common law. They ask for the conclusion that “real property” in the Uniformity Clause means only those Items Affixed to the degree described by the “material injury test”. They argue that, N.J.S.A. 54:4-l’s “personal property affixed” is determined solely by the material injury test. None of these conclusions can be sustained.
The Supreme Court’s holding in Bayonne was narrow:
[w]e conclude, therefore, that the exclusion of goods and chattels so affixed to real property as to become part thereof and not to be severable or removable without material injury thereto appearing in N.J.S.A 54:llA-2 should, looking solely to the language of the statute, be taken to mean only those chattels the removal of which will do irreparable or serious physical injury or damage to the freehold. Bayonne, supra, 79 N.J. at 378, 399 A.2d 649.
[emphasis added]
Koester v. Hunterdon County Bd. of Taxation, 79 N.J. 381, 399 A.2d 656 (1979), decided the same day as Bayonne explains the decision was restricted to the characterization of “personal property used in business”. It is essential to read Bayonne in that statutory context. N.J.S.A 54:11A-3 is not only no longer law, it also has nothing whatsoever to do with N.J.S.A 54:4-1’s definition of real property taxable.
The “material injury test” announced by the Supreme Court in Bayonne is irrelevant to the meaning of “real property” in the Uniformity Clause, as well as to the meaning of “personal property affixed to real property or [to] an appurtenance thereto” in N.J.S.A. 54:4-1. This court agrees with the City that those meanings are identical, and are found in the common law.
The Restatement of the Law of Property, § 8 (1936) provides, “[t]he term ‘real property’ as it is used in this Restatement, means those interests in land described herein in §§ 14-18 inclusive”. An “interest” is defined under § 5, “generically to include varying aggregates of rights, privileges, powers and immunities and distributively to mean any one of them”. Sections 14 through 18 define: Estates in Fee Simple; in Fee Simple Absolute; in Fee Simple Defeasible; in Fee Simple Conditional; the Estate in Fee Tail; and the Estate for Life. These estates constitute the “Freehold Estates” of the common law. Each of the Freehold *12 Estates includes its own bundle of “rights, privileges, powers and immunities”. Each describes one or more legal relationships flowing from dealings with land and those things which are placed or constructed upon the land.
N.J.S.A. 1:1-2 likewise has, since at least 1918, defined property in terms of the common law’s legal relationships and bundles of interests. It provides in part:
Personal property. “Personal property” includes goods and chattels, rights and credits, moneys and effects, evidences of debt, choses in action and all written instruments by which any right to, interest in, or lien or encumbrance upon, property or any debt or financial obligation is created, acknowledged, evidenced, transferred, discharged or defeated, in whole or in part____
Real estate; real property. The word “real estate” and “real property,” include lands, tenements and hereditaments and all rights thereto and interests therein.
The comment to the Restatement’s § 8 provides a definition of Fixture.
b. Fixtures, growing crops and water. Some things other than land are so closely associated with it that they are treated for the purpose of determining certain interests as being identical with the land. At the same time they are treated for the purpose of determining other interests as not being identical with the land. Fixtures and growing crops are examples of this class of things. ...
The character of an Item Affixed under the common law of property, as real or personal property may depend upon the legal relationship, the competing rights and interests at issue. See, Handler v. Horns, 2 N.J. 18, 65 A.2d 523 (1949). Cunningham, Stoebuek and Whitman, The Law of Property, Ch. 1, § 1.4, pp. 13-14 (1984), explains:
Chattels placed on or affixed to land or structures attached to land by the landowner for the purpose of ‘improving1 the land are called fixtures and are treated as ‘real property” for most purposes. If such a fixture is temporarily severed from the land by accident, mistake, or ‘act of god’ without the consent of the landowner, the landowner’s interest in the fixture is still considered to be “real property”. But life tenants and lessees are generally privileged to remove fixtures installed by them for trade, domestic, or ornamental purposes. And when the vendor of a chattel which becomes a fixture retains a chattel security interest therein, the vendor is frequently privileged to remove the fixture if the purchaser fails to pay the full purchase price, as against both the purchaser and third parties such as mortgagees ... If a fixture is lawfully removed by a tenant or by one who has a security interest therein, it becomes and remains a chattel unless it is again affixed to land or a structure attached to land.
*13 This same analysis is found in 5 American Law Property § 19.1 (1974):
to call a thing a fixture means that it could, in different legal relationships, be considered to be either real or personal property, and could be separately owned by someone other than the owner of the land____ The principal difficulty has come from a failure to recognize that fixtures problems are not alike. They differ not in degree but in kind. Where the owner of land affixes a chattel which he also oums, the only question is whether or not he has changed the legal classification of the erstwhile chattel from personal to real property. But where a chattel owned by one person is attached to the land of another, there is a double question: has there been a change in ownership under the principles of accession, and if not, has there been a sufficient identification of the chattel with the realty so that the chattel might be considered in some transactions to be part of the realty?
35 Am.Jur.2d Fixtures § 34 (1967) concurs.
Generally speaking, the dispute as to whether a given object is a fixture arises when a particular person claims the object as against the asserted ownership of another. Such a dispute may involve the landowner ... and the asserted owner of ihe fixture ... or may be between either or both of the former and some third person such as a conditional seller, chattel mortgagee, or lienor. [Ajttempts to apply a single set of principles in all situations have resulted in considerable confusion. The courts accordingly recognize that the relationship of the disputing parties is an important factor in determining the character of objects as fixtures and sanction the application of rules of law differing as the relationship of the parties varies.
5 American Law of Property, § 19.3 describes Teaff as “the leading American case in the law of fixtures”; as the case in which the court “rejected the annexation test employed by the English eases and proposed the famous intention test, which has since been accepted ... by most American jurisdictions”. Section 19.3’s authors, Niles and Merryman, suggest (and this court heeds the suggestion) that the court in Teaff misapplied its own test and therefore, caution against reliance on the Teaff result (“that the court should [have], by use of the intention test, extended] the trade fixtures exception [from its place in the divided ownership cases] to the mortgagor-mortgagee or grantor-or-grantee [common ownership] cases was most unfortunate”. 5 American Law of Property § 19.3, p. 18). This would be precisely the problem with applying the old Uniform Conditional Sales Act test of N.J.S.A 54:11A-2 (that is, the Bayonne material injury test) to determine the meaning of real property in either the Uniformity Clause or N.J.S.A. 54:4-1. The material injury test, like the *14 “institutional doctrine” before it, cannot be elevated to the status of a common law principle, nor should it be extended to resolve whether the facts surrounding the annexation of an item of tangible personalty lead, under common law principles well settled for at least 143 years, to real property status.
Our scheme of taxation and assessment in New Jersey requires that property be valued for assessment purposes as a fee simple estate: N.J.S.A 54:4-23. Stack v. City of Hoboken, 45 N.J.Super., 294, 132 A.2d 314 (App.Div.1957); Englewood Cliffs Bor. v. Estate of Allison, 69 N.J.Super., 514, 174 A.2d 631 (App.Div.1961); Town of Secaucus v. Damsil, Inc., 120 N.J.Super. 470, 295 A.2d 8 (App.Div.) certif. denied 62 N.J. 90, 299 A.2d 88 (1972). The legal relationship presumed for assessment purposes is that of a single owner of both the Items Affixed and the land to which they are affixed. It is only appropriate to look to the law governing “common ownership” relationships to find the meaning of real property. (See Bank of America, supra, 108 N.J.Eq. at 576, 156 A. 28, “the basic law of fixtures is not changed by the [Uniform Conditional Sales Act]”.) It is simply too well settled to dispute, and it is held that “real property”, the taxation of which is restrained by the Uniformity Clause, includes Items Affixed which satisfy the Teaff three pronged test set out above. And, in applying that test “ ‘intention’ is the dominant factor, ... the safest criterion for determination of the character of a chattel” as real property. Fahmie v. Nyman 70 N.J.Super., 313, 317, 175 A.2d 438 (App.Div.1961). Westinghouse Broadcasting Co., Inc. v. Director, Div. of Taxation, 141 N.J.Super., 301, 358 A.2d 203 (App.Div.1976). Material injury to the “freehold” or to the land is a meaningless standard for purposes of the Uniformity Clause.
B. What is the meaning of N.J.S.A. 54:4-1's “real property taxable ... includes personal property affixed ...”.
It is clear that N.J.S.A 54:4-1’s definition of real property taxable is consistent with our conclusion as to the meaning of real property for Uniformity Clause purposes. This conclusion is based not only on the plain import of N.J.S.A 54:4-1’s language but also the further explanation provided in N.J.S.A 54:4-1a, *15 which is a reflection of the Teaff common law test. N.J.S.A 54:4-1a is not in itself an exemption provision as may at first appear, but merely a part of the preceding definition.

C. What Does N.J.S.A. 54:4-b Exclude?

Having determined that Items Affixed become real property under N.J.S.A 54:4-1 when affixed in the manner of the three part Teaff test; that N.J.S.A. 54:4-1, in imposing a tax upon such property, is consistent with the Uniformity Clause mandates of sameness in standard and rate of tax; the sole remaining question for decision on the City’s first issue is whether N.J.S.A. 54:4-lb is valid as a real property tax exemption provision.
To understand the exemption provided by N.J.S.A 54:4-1b, it is helpful to insert the definitions of its defined terms in place of the terms in the statute. These definitions are set out in N.J.S.A 54:4-1.15. Plugging N.J.S.A 54:4-1.15’s definitions into N.J.S.A 54:4-1b, the statute reads:[1]
b. The personal property so affixed is ... [an] ... item ... used or held for use in a business transaction, activity, or occupation conducted for profit in New Jersey, ... and is neither [1] a structure (i.e. a[n] assemblage of building or construction materials fixed in place for the primary purpose of supporting, sheltering, containing or housing persons or property) ... nor [2] [an] item ... used or held for use in a business transaction ... the primary purpose of which is to enable a structure to support, shelter, contain, enclose or house persons or property ... nor [3] pipe racks, ... piping ... [or] electrical wiring up to the point of eonneetionfs] with the machinery, apparatus, or equipment ... [of a manufacturing] ... process commencing with the introduction of raw materials or components into a systematic series of manufacturing, assembling, refining or processing operations and ceasing when the product is in the form in which it will be sold to the ultimate consumer....
The words of the statute are clear on two critical points. First: the exemption belongs to an Item Affixed which is neither: (1) a structure itself; nor (2) an Item whose “primary purpose” is to enable the structure to function as a structure (the old “institutional doctrine”); nor (3) piping, pipe racks or electrical wiring from the point of their connection to a structure to the point of their connection to an item of machinery, apparatus or equipment *16 used in a manufacturing process. I have already concluded that N.J.S.A. 54:4-1 imposes a tax upon: (1) real property consisting of land, improvements and Fixtures; and (2) that very specific, narrow class of personal property defined in the statute which is not relevant here. Therefore, for the exemption to have any meaning at all, it will belong to an Affixed which is a Fixture in the nature of machinery, apparatus, and equipment used in a manufacturing process. Under the statute’s second critical point, exemption requires an intent to presently, or at some time in the future, devote that Item Affixed, that Fixture, to an activity intended to produce income. Without this subjective intent of someone, at some time the exemption of N.J.S.A 54:4-1b will not apply. With this intent, an Item Affixed, a Fixture, may be exempt. The statute is as plainly void on its face as were those in Tippett v. McGrath, 70 N.J.L. 110, 113, 56 A. 134 (Sup.Ct.1903) (“as the ... claim to deduction is based upon his partial exemption from taxation by virtue of his being an active fireman, it must be denied”); New Jersey Turnpike Authority v. Washington Township, 16 N.J. 38, 44-45, 106 A.2d 4 (1954) (“tax exemption statutes, if based on the personal status of the owner rather than on the use to which the property is put, run afoul of the tax article of the Constitution____”); Switz v. Kingsley, 37 N.J. 566, 587, 182 A.2d 841 (1962) (“[t]he provision ... that in the assessment of acreage actively devoted to agricultural use, the taxable value ‘shall not be deemed to include ... value for subdivisions or nonagricultural use’ is plainly invalid”); and New Jersey State League of Municipalities v. Kimmelman, 105 N.J. 422, 522 A.2d 430 (1987).
N.J.S.A 54:4-1 taxes real property which, in conformity with the Uniformity Clause, includes Fixtures. N.J.S.A 54:4-1b exempts manufacturing machinery, apparatus, and equipment used or held for use in “business,” no matter whether same have become real property or not. Exemption of real property cannot turn on a taxpayer’s intent to use property to produce income, for private gain and survive the scrutiny of the Uniformity Clause. N.J.S.A 54:4-1b cannot be interpreted in such a manner as to cure its infirmity. The meaning derived from the plain language of the statute is confirmed by its legislative history. See, Senate *17 Budget and Appropriations Committee Statement to S. 332, February 24, 1992 at page 4, “[u]nder E.S. 54:4-lb, as amended by this Act, items of machinery, apparatus and equipment used in the conduct of a business are defined as personal property regardless of the class or type of real property to which such items may be affixed”.
N.J.S.A. 54:4-1b creating an exemption contrary to our Constitutional mandates, is void. As a result the City’s argument regarding N.J.S.A 54:4-1.16’s effective date is moot.

II. Issue: Is N.J.S.A. 54:4-1.12 violative on its face of the Uniformity Clause?

N.J.S.A 54:4-1.12 provides:
For the purposes of Chapter 4 of Title 54 of the Revised Statutes and notwithstanding the provisions of R.S.54:4r-l, a storage tank having a capacity of more than 30,000 gallons is deemed to be real property. The fact that products are mixed, blended, heated or subjected to similar non-production process within a storage tank shall not in itself render that tank personal property.
The subsection appears, on its face, to classify an item of property as “real”, regardless of its character as real or personal. On the record in this motion and for the reasons hereinabove discussed with respect to N.J.S.A 54:4-lb, I simply cannot conclude as the City requests that the provision violates Uniformity principles. Because the City’s motion is limited to a facial challenge of N.J.S.A 54:4-1.12, I need go no further in my analysis. The motion must be denied.

Summary

In summary, my conclusions on the City’s motion are: (1) its request for partial summary judgment that N.J.S.A 54:4-lb is void on its face is granted; (2) its request for partial summary judgment that N.J.S.A 54:4-1.16 is facially void is moot; and (3) its request for partial summary judgment that N.J.S.A. 54:4-1.12 is facially void is denied. Counsel to the City will furnish a form of Order memorializing these holdings.

 The italicized provisions are from N.J.S.A. 54:4-1.15.