201 N.J. Super. 91 (1985)
492 A.2d 1026
SOUTHBRIDGE PARK, INC., PLAINTIFF-APPELLANT,
v.
BOROUGH OF FORT LEE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted April 23, 1985.
Decided May 1, 1985.
*92 Before Judges J.H. COLEMAN and SIMPSON.
Amster & Rosensweig, attorneys for appellant (Daniel Amster of counsel; Gary Elias on the brief).
*93 Melvin Gittleman, attorney for respondent (George G. Frino, of counsel and on the brief).
The opinion of the court was delivered by SIMPSON, J.A.D.
This appeal involves the 1980 and 1981 real estate tax assessments of The Plaza, a super-luxury cooperative apartment building in Fort Lee. The outcome of prior litigation involving the 1973-1978 tax years, the same property, and some of the same issues is reported in Southbridge Park, Inc. v. Fort Lee, 4 N.J. Tax 30 (Tax Ct. 1981), aff'd o.b. 6 N.J. Tax 351 (App.Div. 1984). In the prior case, the taxpayer argued that the value for assessment purposes should be determined by the income approach. Judge Hopkins rejected this contention and determined that the market data approach should be utilized and then tested by the cost approach:
Having concluded that the sale prices of the stock and proprietary leases are a predominant component in determining the subject property's taxable value, it is then necessary to test that value to assure that it is fully attributable to the property and not the form of ownership. This should be done by ascertaining the replacement cost new as of the assessment dates. [4 N.J. Tax at 37]
In this case, as usual, there was conflicting expert testimony and written appraisals as to comparable properties (market approach). The experts also differed in their calculations of replacement cost. The details of these differences, although interesting, need not be reported here as they are fully set forth in Judge Hopkins' memorandum opinion. Basically, the court accepted Fort Lee's expert's land value of $15,000 per apartment unit rather than taxpayer's expert's figure of $7,500. As to building replacement cost, Judge Hopkins accepted the higher calculation of Fort Lee's expert who used the Marshall-Swift Manual formula that specifically included indirect costs and rejected taxpayer's expert calculation based upon the Assessor's Manual. In essence, he found that the Assessor's *94 Manual did not fully reflect all indirect costs necessary for a meaningful calculation. On this appeal taxpayer contends that:
POINT I
THE MUNICIPALITY FAILED TO PRESENT EVIDENCE OF COMPARABLE PROPERTY SALES AND THE COURT SHOULD NOT HAVE RELIED UPON SUCH EVIDENCE IN ITS DETERMINATION.
POINT II
THE COURT WAS ERRONEOUS IN INCLUDING ADDITIONAL AND DUPLICATE INDIRECT (SOFT) COSTS AND ENTREPRENEURIAL PROFIT IN ADDITION TO THE REPRODUCTION COSTS OF THE STRUCTURE ON TOP OF THAT PRESENTED.
POINT III
THE COURT BELOW ERRED IN DENYING PLAINTIFF-APPELLANT THE RIGHT TO PROVE DISCRIMINATION.
We have carefully reviewed the record and the arguments in support of these contentions and have determined that Judge Hopkins' findings of fact are adequately supported by evidence and all issues of law raised are clearly without merit. R. 2:11-3(e)(1)(A) and (E). Accordingly, we affirm substantially for the reasons set forth in the judge's memorandum opinion of August 21, 1984. We add briefly as to Points I and II that the scope of our review is limited to determining whether the findings of fact are supported by substantial credible evidence with due regard to the Tax Court's expertise and ability to judge credibility. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 483-484 (1974); N.J.S.A. 2A:3A-13. Furthermore, in resolving issues of fact arising from propositions of fact and their contradictories asserted by experts, the tax court judge was free to accept or reject in whole or in part the testimony of such experts. Middlesex County v. Clearwater Village, Inc., 163 N.J. Super. 166, 173-174 (App.Div. 1978), certif. den. 79 N.J. 483 (1979). As to Point III, the court correctly precluded an attempt to prove discrimination by comparative apartment building assessments. Greenwald v. Metuchen, 1 N.J. Tax 228 (Tax Ct. 1980).
Affirmed.