PER CURIAM.
Plaintiff appeals from a June 20, 1985 judgment dismissing its complaint “for failure to file in a timely manner,” but defendant did not cross-appeal from dismissal of its counterclaim. The operative facts were stipulated and the question presented was the validity of rollback taxes for tax years 1980, 1981 and 1982 in view of the September 23, 1982 determination in Centex Homes of N.J., Inc. v. Manalapan Tp., 4 N.J.Tax 599 (Tax Ct.1982), certif. granted 94 N.J. 517, 468 A.2d 175 (1983), remanded to App.Div., 95 N.J. 218, 470 A.2d 433 (1983), app. dism. upon stipulation (May 24, 1984), that N.J.S.A. 40:55D-59 was unconstitutional. This statute was repealed by L. 1983, c. 253, § 1, effective July 7, 1983. The property in question had been assessed as farmland from 1964 through 1982 pursuant to the Farmland Assessment Act, N.J.S.A. 54:4-23.1 et seq., but rollback taxes were imposed for 1980-1982 because plaintiff secured preliminary subdivision approval from defendant’s *329 planning board in September 1981. The county tax board imposed rollback taxes, as requested by defendant’s assessor, in October 1982, following proper notice to plaintiff and the preliminary tax bills sent to plaintiff in late October 1982 reflected the assessed rollback taxes. Plaintiff, however, did not file its complaint challenging this action until October 26, 1983. Plaintiff did not appeal the county tax board determination within the 45 days permitted under N.J.S.A. 54:51A-9, nor did it challenge the constitutionality of N.J.S.A. 40:55D-59 within the 45-day period for filing an action in lieu of prerogative writs pursuant to R. 4:69-6(a). The time for the latter was not enlarged pursuant to R. 4:69-6(e) either. On this appeal, defendant contends that:
Point I
Principles of Due Process and Evidence Do Not Support An Assumption of County Tax Board Action Prior to the Unconstitutional Declaration as to N.J.S.A. 40:55D-59.
A. An Assumption of a Judgment Date Prior to September 23, 1982 Denies Plaintiff Due Process.
B. Application of Long Recognized Evidence Principles Can Serve to Cure the Due Process Deficiencies.
C. The Finding Below That the County Tax Board Assessed Rollback Taxes Prior to the Unconstitutional Declaration Was Not Reasonably Reached on Sufficient Credible Evidence Present In the Record as a Whole and Should Be Reversed.
Point II
The Appellate Court Should Remand the Matter for a Determination of Jurisdiction Despite Limitations Provisions Where the County Tax Board Acted Upon a Statute That Had Been Judicially Declared Invalid and Unconstitutional.
Point III
The Court Had Jurisdiction to Grant Relief From an Assessment Based Upon a Statute That Had Been Declared Invalid Without Restriction by Limitations Provisions Applicable to the Typical Tax Appeal Case.
Point IV
The Court Has Jurisdiction Pursuant to the “Correction of Errors Statute,” N.J.S.A. 54:51A-7.
Point V
Estoppel Should Be Applied to Prevent the Limitations Defense.
Point VI
Aside from the Constitutional Infirmity, Certain Substantive and Procedural Errors of the Taxation Authorities Give Added Weight to the Need for Judicial Relief.
A. The Billing Due Date for the Omitted Assessment Was in Error.
*330 B. Rollback Taxes for 1980 Was Improper.
We have carefully reviewed the record and the arguments in support of these contentions and have determined that the trial court’s judgment is based on findings of fact which are adequately supported by evidence and all issues of law raised are clearly without merit. R. 2:ll-3(e)(l)(A) and (E). Accordingly, we affirm substantially for the reasons set forth in Judge Andrew’s opinion of June 6,1985, reported at 8 N.J.Tax 287 (Law Div.1985). We also specifically note that this Tax Court judge was sitting on this matter as temporarily assigned to the Superior Court, but we also acknowledge his expertise in tax matters. Southbridge Park, Inc. v. Borough of Fort Lee, 201 N.J.Super. 91, 94, 492 A.2d 1026 (App.Div.1985).
Affirmed.