PER CURIAM.
Clinton Corporation (Clinton) appeals from an order of the Tax Court denying its motion to vacate the judgments entered as a result of the settlement of several tax appeals. Clinton contends *684 that the “judge abused his discretion by denying the motion to vacate the judgment.” We affirm.
This is a companion case to docket no. A-4276-94T5. The facts are as follows. Everton Realty Limited Partnership (Everton) owned properties located at 50 South Clinton Street and 30 Evergreen Place, (the properties) in the City of East Orange. In August 1988, Pine Street Management Corporation (Pine Street) entered into a triple net lease with Everton for both properties. Pine Street was responsible for payment of real estate taxes throughout the entire term of the lease which ran until August 15, 1993. The lease provided that Pine Street may elect to contest any tax levied against the property. Pine Street was required to conduct all appeals “in good faith and with due diligence and shall ... pay and discharge all amounts which shall be determined to be payable — ”
Pine Street filed a tax appeal challenging the assessments of the properties for the 1992 and 1993 tax years. Everton also filed a tax appeal for the 1992 tax year. Thereafter, Pine Street filed a motion seeking to dismiss Everton’s appeal. In its order of April 13, 1993, dismissing Everton’s duplicative tax appeal, the Tax Court found that Everton had been served with Pine Street’s motion to dismiss and required Pine Street to serve a copy of the order upon Everton.
Meanwhile, Everton had defaulted on its mortgage with Security Pacific Business Credit, Inc. (Security). In August 1991 Ever-ton assigned its leases and rents to Security. Consistent with the assignment, Security wrote to Pine Street on August 29, 1991 directing that “all further payments of rent and other amounts due under said Lease” were to be made to Security.
While Pine Street’s tax appeals were pending, on December 21, 1993, Everton transferred title to 30 Evergreen Place to Evergreen Orange Corporation (Evergreen) and title to 50 South Clinton Street to Clinton Corporation (Clinton), subject to the unpaid taxes and the mortgage. As part of the transfer, Everton assigned all of its right, title and interest to any tax appeal pending for the properties. Clinton sold its property to United *685 Hospital Medical Center in 1994. At closing, Clinton paid the taxes up to the date of closing.
Pine Street reached a settlement with the City resulting in substantial tax reductions for the properties for the 1992 and 1993 tax years. Some time thereafter, the Tax Court received letters from three different law firms purporting to represent Clinton and Evergreen, expressing various degrees of opposition to the settlement. The Tax Court, on April 25, 1994 wrote to the parties asking them to state their position on whether Pine Street was entitled to “prosecute the appeals in the landlord’s name for each of the tax years in dispute,____” On May 4, 1994 Steven P. Haft wrote the Tax Court that Evergreen would be filing an application to contest the 1992 and 1993 settlements on 30 Evergreen Place but no objection would be made with respect to the proposed settlement for the 50 South Clinton property. On May 9, 1994, Richard L. Plotkin informed the court that his firm no longer represented Evergreen and Clinton but Mr. Haft did. Then on May 20, 1994, Michael Schneck wrote to the Tax Court objecting to the settlement and stating that Clinton and Evergreen intended to intervene. Counsel for Pine Street, Saul Fenchel, replied to Schneck’s May 20th letter, and wrote to the Tax Court on May 27, 1994, objecting to Schneek’s request to intervene.
On June 21, 1994, the Tax Court held a telephone conference and advised Schneck that should his clients wish to intervene, they should file a motion by June 24, 1994. No motions were filed before this deadline.
On July 8, 1994, pursuant to the stipulation of settlement between Pine Street and the City, the Tax Court issued four judgments with respect to the 1992 and 1993 tax years for the properties.
Subsequently, on July 19, 1994, Clinton and Evergreen each filed a notice of motion to intervene, and on August 9, 1994, each also filed a notice of motion to vacate the judgments. Following argument on the motions, the Tax Court denied the motions, finding that Clinton’s and Evergreen’s predecessor, Everton, received notice of the tax appeals. The court noted that it would *686 have allowed the owner to intervene, if timely intervention had been sought. Further, the court noted that:
Nobody cared to intervene, until they heard what the settlement was. As a sophisticated purchaser ... Clinton or Evergreen would have done some due diligence and known that there was or inquired to see whether there was a tax appeal pending and would have done what they had to do in December of ’93.
The landlord offers no explanation as to why it didn’t intervene at the time it received notice in April or why it didn’t intervene when it received notice at the time of the filing of the complaint in this matter, prior to April of '93.
Why it did not seek to intervene on the termination of the lease in August of 1993.
Why it did not seek to intervene at the time it acquired title to the property in December of 1993.
And why, in fact, it delayed getting involved in the case until it found out what the settlement was going to be, more than a year after the required filing deadline.
And ... this particular landlord or the new owner had no standing prior to December of ’93 at all. It’s only standing was it’s rights from Everton.
Frankly, the landlord, if it had any rights, slept on them to allow intervention more than a year after the filing of the complaint, only after hard negotiations between [Pine Street] and the [City] in this case, simply makes no sense.
This appeal followed. Originally, the appeal included the judgments for 30 Evergreen Place, but in February that appeal under docket no. A-0388-94T5 was withdrawn.
On appeal, Clinton contends that under R. 4:50-1(c) and (f), the Tax Court should have granted relief from the judgment. A R. 4:50-1 motion to vacate a judgment is addressed to the sound discretion of the trial court, “whose determination will be left undisturbed unless it results from a clear abuse of discretion.” Housing Auth. of Town of Morristown v. Little, 135 N.J. 274, 283-84, 639 A.2d 286 (1994). Moreover, “[sjince the judges assigned to the New Jersey Tax Court have special expertise, [this court] will not disturb their finding unless they are plainly arbitrary or there is a lack of substantial evidence to support them.” G. & S. Co. v. Bor. of Eatontown, 6 N.J.Tax, 218, 220 (Tax 1982).
R. 4:50-1 authorizes relief from final judgment for a number of specified reasons. Subsection (c) requires the moving party to establish fraud, misrepresentation, or misconduct of an adverse party. Here, Everton’s 1992 tax appeal was dismissed by order of *687 the Tax Court which found that Everton had notice of Pine Street’s tax appeals and the settlements which resulted in substantial reductions for the properties. There is lacking any proof that the settlements were unjust or inequitable. We are satisfied that the record would not support a finding of fraud, misrepresentation, or misconduct.
Subsection (f) authorizes relief from a judgment for “any other reason justifying relief from the operation of the judgment or order.” “It is the elusive ‘catchall’ category],]” provided for the exceptional situations. Pressler, Current N.J. Court Rules, comment 1 on R. 4:50-1 (1996). A movant must demonstrate that it has exercised the requisite due diligence as a party who could have avoided the judgment or order from which it seeks relief through the exercise of reasonable diligence is not entitled to relief. See Shammas v. Shammas, 9 N.J. 321, 330, 88 A.2d 204 (1952). Further, to obtain relief from an order under subsection (f), one must “show that the enforcement of the order would be unjust, oppressive or inequitable.” Quagliato v. Bodner, 115 N.J.Super. 133, 138, 278 A.2d 500 (App.Div.1971) (citing Greenberg v. Owens, 31 N.J. 402, 411, 157 A.2d 689 (1960)). A motion under subsection (f) is addressed to the discretion of the trial court to be exercised according to equitable principles. Court Inv. Co. v. Perillo, 48 N.J. 334, 341, 225 A.2d 352 (1966). The trial court’s decision is to be accepted by an appellate court in the absence of an abuse in the exercise of its discretion. Ibid.
Based on these guidelines, we find no just reason to interfere with the trial court’s decision. As noted, Everton had notice of the tax appeal and knew its lease with Pine Street expired August 15, 1993. The court order of April 13, 1993 provided that Pine Street “could control the litigation],]” concerning the tax appeals. However, Everton and its assignees, had a primary interest in the tax appeal for the period after the lease with Pine Street expired in August 1993, and yet it took no steps to protect that interest.
Further, the purchase agreement dated December 21, 1993, wherein Clinton acquired its interest in the property, expressly provided that Clinton received Everton rights to “any and all tax *688 abatements, refunds or reductions in said taxes, occurring as a result of any action, appeal or claim now pending or hereafter filed or made by an entity or person which results in a benefit to the property.” Clinton was aware of the proposed settlement and did not file a motion for intervention within the time limit set by the Tax Court. Moreover, there is no evidence to establish that the settlements for the tax appeals were not fair and equitable. The mere fact that the assessments were greater in 1993 than in 1992 does not establish that the settlement was not made in good faith. Additionally, the waiver of the Freeze Act would allow Clinton to seek further tax reductions in 1994, if warranted.
In sum, we find no abuse of discretion in the Tax Court’s denial of Clinton’s motion to vacate the judgments.
Accordingly, the order under review is affirmed substantially for the reasons expressed by Judge Small in his oral opinion of August 19,1994.