PER CURIAM
Plaintiff appeals the 1991, 1992, 1993 and 1994 real estate tax assessments of 56.985 acres of land zoned for industrial use (the property) located in the City of Jersey City (the City). The property is part of a 98.205 acre parcel straddling the City and Bayonne and is primarily used as storage area for containers from container ships. The property is officially designated on the City Tax Map as Block 1514.C, Lots 301, 302 and 302 DUP; Block 1514.D, Lots 401 and 402.A; and Block 1514.D, Lot 402.A. Unlike the Bayonne acreage, the property does not have frontage along Newark Bay. The combined assessed value of the lots was $15,957,200.
Plaintiffs complaint was tried before the Tax Court on December 1,1994. At trial, Richard A. Kulman, a real estate appraiser, testified as plaintiffs expert, and his written appraisal was admit *701 ted in evidence. Using the market data approach to valuation, which examines sales prices of comparative properties, Kulman opined that the property had a market valuation on the relevant valuation dates of $9,700,000. He utilized eight purportedly comparable property sales in his valuation analysis, making adjustments for differences in the properties regarding time of sale, location, site utility, approval and size. The record reflects striking dissimilarities among the purportedly comparable properties and plaintiffs property, which required Kulman to make large adjustments. Although the City did not present any evidence, counsel for the City thoroughly explored these adjustments on cross-examination.
The Tax Court judge rendered an opinion from the bench, directing entry of judgment in favor of the City affirming the assessments for all four years.
We reproduce the essential aspects of the Tax Court judge’s decision regarding the comparable property sales evidence:
[Plaintiffs appraiser] based his value conclusicn on eight reportedly comparable sales, not one of which is even remotely comparable to the subject in terms of size. Sale number one is the closest; 37.6 acres. It involves property situated in Secaucus. Sale number two is only 14.28 acres. That property is located in North Bergen. Sale number three involves only 3.688 acres. That property is located at Caven Point in Jersey City.
Sale number four involves 12.312 acres and that property is situated in Kearny and Harrison. Sale number five involves 15.77 acres and that property is involved [sic] in Elizabeth. Sale number six involves 20.78 acres and that property is located also in Elizabeth. Sale number seven involves 2> .25 acres. That property is in Elizabeth. And sale number eight involves only 7.28 acres and that property is located in Jersey City.
The Court will reject out of hand comparables three and eight. Their size in relation to the total size of the subject is so insignificant as to lack comparability. It is axiomatic that for sales to have probative value they must afford some reasonable comparison to the subject. Sales three and eight do not.
The Court also notes the magnitude of the gross adjustments made by the expert with respect to all sales. Sale number one, for example, contains a site utility adjustment of 30 percent positive, a negative adjustment for size of ... 20 percent. But that totals not ten, but 50.
Sale number two, the expert makes a negative location adjustment of 15 percent, a positive site utility adjustment of ten percent, and a negative site utility adjustment of 25 percent, which comes out to a net of 30, but it is really 50.
We’ll skip sale three, as it is rejected, in any event.
*702 Sale four, the net adjustment is only five percent. However, it is composed of positive adjustments for location and site utility of respectively 15 percent and 25 percent, and negative adjustments for approvals and size of 10 percent and 25 percent respectively. Those adjustments, those gross adjustments total 75 percent.
Sale number five involves net adjustments of 50 percent and the gross adjustments are also 50 percent, because they’re all negative. Minus 10 percent for time, minus 15 percent for location and minus 25 percent for size.
Sale number six involves net adjustment of only five percent negative. However, it is composed of a negative adjustment of 15 percent for location, a positive adjustment of 30 percent for site utility and a negative adjustment of 20 percent for size. That totals 55 percent. Sixty-five percent.
Finally, sale number seven — sale eight having been rejected — involves a total net adjustment of only five percent, but it is composed of a negative adjustment for time of ten, positive adjustments for location and site utility of ten and 15, respectively, and a negative adjustment of 20 percent for size. That totals, in terms of a gross adjustment, 55 percent.
I appreciate the expert’s position that ... these were the sales that were out there. That’s all there were. The fact remains, however, as this Court has held in MI Holdings v. Jersey City, [12 N.J. Tax 129 (Tax Ct.1991) ] and as Judge Lario held in Owings Coming [Owens-Illinois] Glass v. Ridgeton [Bridgeton.] [8 N.J. Tax 495 (Tax Ct.1986) ] adjustments of this magnitude vitiate comparability.
Accordingly, notwithstanding the failure of the defendant to present a case in chief or any contrary testimony, the Court considers the expert’s presentation to be unpersuasive and lacking in probative value, (emphasis added)
The probative utility of an expert’s opinion stands or falls on the facts offered in support of it, as well as the analysis. Dworman v. Tinton Falls, 1 N.J. Tax 445 (Tax Ct.1980), aff'd o.b., 3 N.J. Tax 1 [180 N.J.Super. 366, 434 A.2d 1134] (App.Div.1981).
In view of the foregoing, the Court will direct the entry of judgment affirming the assessments for all years.
On this appeal, plaintiff contends that:

POINT I

THE TAX COURT SHOULD HAVE EXERCISED ITS RESPONSIBILITY AND DUTY TO MAKE ITS OWN DETERMINATION OF VALUE.

POINT II

THE TAX COURT ERRED IN REJECTING TO [sic] ALL OF PLAINTIFF’S EXPERTS [sic] COMPARABLE SALES BASED UPON THE ADJUSTMENTS MADE BY THE EXPERT.
We affirm essentially for the reasons stated by Judge Crabtree in his bench opinion on December 1,1994.
Judgments of a trial judge sitting without a jury “are considered binding on appeal when supported by adequate, substantial and credible evidence.” Pascals v. Pascals, 113 N.J. 20, *703 33, 549 A.2d 782 (1988) (quoting Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484, 323 A.2d 495 (1974)). TMs is especially so with respect to the findings of the Tax Court because of the special expertise afforded to such courts. Kearny Leasing Corp. v. Town of Kearny, 7 N.J. Tax 665, 667 (App.Div.) certif. denied, 102 N.J. 340, 508 A.2d 215 (1985).
The Tax Court judge reviewed the evidence presented by plaintiff against the backdrop of the presumption that “governmental authority has been exercised correctly and in accordance with law.” Pantasote Co. v. City of Passaic, 100 N.J. 408,413, 495 A.2d 1308 (1985). “The presumption attaches to the quantum of the tax assessment ... [and] can be rebutted only by cogent evidence, a proposition that has been long settled.” Ibid, (emphasis added), (citation omitted) It is equally well settled:
[T]his presumption is not simply an evidentiary mechanism allocating the burden of proof____ [Consequently,] “it is not sufficient for the taxpayer merely to introduce evidence: the presumption stands until sufficient competent evidence is adduced to provide a true valuation different from the assessment. Such evidence must be definite, positive, and certain in quality and quantity to overcome the presumption.”
[Transcontinental Gas v. Bernards Tp., 111 N.J. 507, 517, 545 A.2d 746 (1988) (quoting Aetna Life Ins. Co. v. City of Newark, 10 N.J. 99, 89 A.2d 385 (1952)).]
Moreover, although the Tax Court has the responsibility to make an independent determination of value that “right is not boundless.” F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 430, 495 A.2d 1313 (1985). The court need not make such determination in the absence of “sufficient compliant evidence” to overcome the presumption. Ford Motor Co. v. Township of Edison, 127 N.J. 290, 312, 604 A.2d 580 (1992). Accord Samuel Hird & Sons, Inc. v. Garfield, 87 N.J.Super. 65, 74, 208 A.2d 153 (App.Div.1965); WCI-Westinghouse v. Edison, 7 N.J. Tax 610, 631, (Tax Ct.1985), aff'd 9 N.J. Tax 86 (App.Div.1986).
The evidence in this case consists of comparable-sales evidence. We note that such evidence must be “sufficient[ly] similar[ ] in some significant respects to permit ... the fact-finder, to draw rational probative valuation inferences from the sales cited.” Ford Motor Co. v. Township of Edison, supra, 127 N.J. at *704 307, 604 A.2d 580 (quoting Moorestown Township v. Slack, 85 N.J.Super. 109, 204 A.2d 23 (App.Div.1964)). (emphasis added)
The court determined that plaintiff’s expert’s presentation of comparable sales was “unpersuasive and lacking in probative value,” concluding that “adjustments of [the] magnitude [made by-plaintiffs expert] vitiate comparability.” Consequently, the court rejected the opinion of plaintiffs expert.
We are satisfied from our review of the record there is no basis for disturbing the Tax Court judge’s findings and conclusions, which are amply supported by the record. Implicit in the judge’s findings is clear recognition of its duty to accept the presumption of correctness attaching to municipal assessments. Further, in the absence of sufficient competent evidence from which the judge could find a different valuation, the judge was not required to make its own determination of value.
Affirmed.