PER CURIAM
At issue is the methodology and resultant amounts of the 2009 and 2010 local property tax assessments for the Borgata Casino complex in Atlantic City (the Borgata), owned by plaintiff Marina District Development Co., LLC. Asserting the generally held presumption of validity that attaches to the quantum of a municipality’s assessment of property, with the concomitant burden on the taxpayer to prove that the property’s value is otherwise, Pantasote Co. v. City of Passaic, 100 N.J. 408, 412-13, 495 A.2d 1308 (1985), defendant City of Atlantic City maintains the applicable method to determine the Borgata’s tax liability is the cost approach rather than the income approach utilized by the Tax Court judge. Also, for the first time on appeal, defendant argues the methodology employed by the Tax Court judge was specific to casinos and cannot be used for any other type of property; therefore, the method of assessment violated the uniformity provision of the tax clause of the State Constitution. See N.J. Const. art. VIII, § 1,¶1.
We reject defendant’s arguments as unavailing and unsupported. We affirm for the reasons set forth in Judge Patrick DeAlmeida’s comprehensive and thoughtful written opinion, issued following the twenty-one day trial. R. 2:11-3(e)(1)(A). We add only these brief comments.
Judgments of the Tax Court are binding on appeal when supported by adequate, substantial and credible evidence. City of Atl. City v. Boardwalk Regency Corp., 19 N.J.Tax 164, 192 (App.Div.2000); Global Terminal & Container Servs. v. City of Jersey City, 15 N.J.Tax 698, 702-03 (App.Div.1996); see also Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 483-84, 323 A.2d 495 (1974) (setting forth standard for appellate review of non-jury trials). This presumption “is especially so with respect to the findings of the Tax Court because of the special expertise afforded to such courts.” Boardwalk Regency Corp., supra, 19 N.J.Tax at 192 (citation and internal quotation marks *571 omitted). See also Global Terminal & Container Servs., supra, 15 N.J.Tax at 703; Kearny Leasing Corp. v. Town of Kearny, 7 N.J.Tax 665, 667 (App.Div.), certif. denied, 102 N.J. 340, 508 A.2d 215 (1985). “Moreover, ‘[s]ince the judges assigned to the New Jersey Tax Court have special expertise, [this court] will not disturb their finding[s] unless they are plainly arbitrary or there is a lack of substantial evidence to support them.’ ” Pine St. Mgmt. Corp. v. City of E. Orange, 15 N.J.Tax 681, 686 (App.Div.1995) (first and second alterations in original) (quoting G & S Co. v. Borough of Eatontown, 6 N.J.Tax 218, 220 (App.Div.1982)), certif. denied, 144 N.J. 172, 675 A.2d 1121 (1996).
“There are three traditional appraisal methods utilized to predict what a willing buyer would pay a willing seller on a given date, applicable to different types of properties: the comparable sales method, capitalization of income and cost.” Brown v. Borough of Glen Rock, 19 N.J.Tax 366, 376 (App.Div.) (citing Appraisal Institute, The Appraisal of Real Estate 81 (11th ed. 1996)), certif. denied, 168 N.J. 291, 773 A.2d 1155 (2001). “There is no single determinative approach to the valuation of real property.” 125 Monitor St., LLC v. City of Jersey City, 21 N.J.Tax 232, 237-38 (Tax 2004) (citing Samuel Hird & Sons, Inc. v. City of Garfield, 87 N.J.Super. 65, 72, 208 A.2d 153 (App.Div.1965); ITT Cont'l Baking Co. v. Twp. of E. Brunswick, 1 N.J.Tax 244 (Tax 1980)), aff'd, 23 N.J.Tax 9 (App.Div.2005). The choice of the approach to determine value is case specific, as it depends “upon the facts of each ease and the reaction of the experts to those facts.” Ibid.
Judge DeAlmeida detailed his factual findings, including very specific credibility determinations assessing the evidence and opinions offered by each testifying appraisal expert. He concluded plaintiffs proofs were more credible and overcame the presumption attached to the municipality’s assessment. See Pantasote, supra, 100 N.J. at 412, 417, 495 A.2d 1308 (noting the Tax Court may depart from the presumption when an assessment is “totally unrelated to true value,” which is defined as “the value the property would bring at a fair, bona fide, and uncoereed private sale”). This conclusion was fully supported by the evidence in the *572 record, including the character of plaintiffs business enterprise being assessed, that is, a casino hotel, which is a distinctively different business from a resort hotel.
Also considered by the judge were the national economic difficulties affecting business values during the tax years under review and the overall casino market in Atlantic City as affected by neighboring states interposing significant competition upon the State’s casino industry. Each of these factors found to have impact were not considered by or accounted for in defendant’s tax assessment. Where sufficient evidence exists to rebut the presumption of validity, the Tax Court has “not only the right[ ] but the duty to apply its own judgment ... to arrive at a true value____” Ford Motor Co. v. Twp. of Edison, 127 N.J. 290, 311, 604 A.2d 580 (1992) (first alteration in original) (citation and internal quotation marks omitted).
Further, contrary to defendant’s suggestion, the income approach is neither novel in rendering assessments nor unique to Atlantic City casinos. Parkway Vill. Apts. Co. v. Twp. of Cranford, 108 N.J. 266, 270, 528 A.2d 922 (1987) (stating the income approach is the preferred method to estimate the value of income-producing properties); City of Atl. City v. Ace Gaming, LLC, 23 N.J.Tax 70, 95, 97, 103 (Tax 2006) (noting parties stipulated the income approach be used to assess the Sands Casino). Admittedly, the computation made by Judge DeAlmeida carefully weighed factors specific to the casino industry; however, such consideration does not equate to preferential treatment, which is prohibited by the Constitution’s uniformity clause.[1] See Switz v. Kingsley, 37 N.J. 566, 584, 182 A.2d 841 (1962) (discussing the parameters of art. VIII, § 1, ¶ 1).
Following our review in light of the record evidence and the applicable law, we reject defendant’s asserted constitutional chai- *573 lenge. Moreover, we discern no basis to disturb the valuation methodology used by Judge DeAlmeida.
Affirmed.

 N.J. Const, art. VIII, § 1, ¶ 1 provides, in pertinent part: "Property shall be assessed for taxation under general laws and by uniform rules. All real property assessed and taxed locally ... shall be assessed according to the same standard of value____"