**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2245-21

WEST ORANGE TOWNSHIP,

    Plaintiff-Appellant,

v.

WESTRANGE LLC CVS and
WESTRANGE LLC c/o
ECOVA MS363,

    Defendants-Respondents.

_____

Argued October 25, 2023 – Decided July 1, 2024

Before Judges Vernoia and Gummer.

On appeal from the Tax Court of New Jersey, Docket Nos. 005443-2015, 005358-2016, 001274-2017, 004370-2018 and 000886-2019.

Robert D. Blau argued the cause for appellant (Blau & Blau, attorneys; Robert D. Blau, of counsel and on the briefs).

James T. Ryan, III argued the cause for respondents (Stavitsky & Associates, LLC,

attorneys; James T. Ryan, III, co-counsel and on the brief).

PER CURIAM

In this property-tax appeal, plaintiff West Orange Township appeals from five Tax Court judgments affirming respectively the 2015 through 2019 annual assessments of property owned by defendant Westrange LLC. Finding incredible on certain critical points the testimony and report of the Township's property-valuation expert, the Tax Court held the Township had failed to present sufficient credible evidence to overcome the presumption the annual assessments correctly reflected the property's value. Under the applicable deferential standard of review, we affirm.

I.

The property at issue, identified as Block 153.16, Lot 1, is located at 265 Prospect Avenue on the southwest corner of Prospect Avenue and Eagle Rock Avenue in West Orange and consists of 2.233 acres. On March 13, 2012, Rockpro Capital Corp., the former owner of the property, and New Jersey CVS Pharmacy, LLC (CVS), agreed to a twenty-five-year lease, with an option for a lease extension, at a rate of $400,000 per year. The lease required Rockpro to obtain the permits and approvals for the construction and operation of a CVS Pharmacy and required CVS to pay for "all taxes," including property taxes. The

property previously contained a building that was used as a restaurant. On March 14, 2014, Rockpro sold the property to Westrange for $7,620,000.

The construction of the "one-story masonry and steel freestanding CVS Pharmacy" was completed in November of 2014. According to the as-built plans, the building has a floor area of 16,947 square feet, including 9,416 square feet of retail-sales area and 1,080 square feet of pharmacy area. The building has a single-lane drive-up pharmacy window, and the property has approximately seventy parking spaces.

On each of the October 1 valuation dates from 2014 through 2018, the property was assessed at $5,259,500. The Township filed complaints challenging the property's 2015, 2016, 2017, 2018, and 2019 tax-year assessments. The Township asserted the property's assessment was "less than the true or assessable value of the property" and demanded judgment increasing the assessment. On behalf of the Township, real-estate appraiser Mark E. Hendricks issued an appraisal report in which he opined the market value of the property in fee simple interest was $9,465,000 as of October 1, 2014; $9,520,000 as of October 1, 2015; $9,630,000 as of October 1, 2016; $9,645,000 as of October 1, 2017; and $9,760,000 as of October 1, 2018. The Tax Court conducted a two-day trial. Hendricks, whom the court admitted with no

objection as a property-valuation expert, was the only testifying witness. The court admitted into evidence his report and its addenda.

On March 4, 2022, the Tax Court entered five judgments affirming the prior assessments for the years of 2015 through 2019, respectively, and a thirty-four-page, comprehensive, written opinion. The Tax Court recognized assessments have a "presumption of validity," MSGW Real Est. Fund, LLC v. Mountain Lakes Borough, 18 N.J. Tax 364, 373 (Tax 1998), and that the party challenging the assessment bears the burden of proving the assessment is wrong, Pantasote Co. v. City of Passaic, 100 N.J. 408, 413 (1985). See City of Newark v. Twp. of Jefferson, 466 N.J. Super. 173, 181 (App. Div. 2021) (finding assessments are presumed to be valid). The court found Hendricks, plaintiff's sole witness, to be credible on some issues but not credible in other critical respects.

Rejecting defendant's net-opinion argument concerning Hendricks's conclusion a retail pharmacy was the highest and best use of the property as improved, the court found Hendricks had "offered credible testimony regarding his highest and best use analysis and the considerations he embarked on in support of his opinions." The court also found credible Hendricks's "testimony

that no depreciation factor should be applied to the subject property's improvements."

The court found Hendricks lacked credibility in the critical area of valuation. In performing an "income capitalization" analysis for valuation, Hendricks had relied exclusively on five Walgreens "build-to-suit" retail pharmacy leases. The court found Hendricks's conclusion that those five leases "reflect[ed] market rent lack[ed] credibility." Hendricks testified he had "conferred with the brokers responsible for marketing the properties for sale after the leases were executed." The court's analysis of the leases casts doubt on whether or to what extent brokers had been involved in marketing the properties. The court found it "wholly unclear how Walgreens identified any of these properties and what, if any, relationship Walgreens may have had with the landlords, contract purchasers, or whether any creative structuring of the rental payments was involved in the negotiation of the leases." Hendricks's inability to identify the location of the transactions used to calculate the capitalization rates concerned the court because the transactions could have taken place "in California or Texas and outside the competitive northeastern and mid-Atlantic regions of the United States."

A-2245-21

Regarding the five Walgreens leases on which he had relied, the court found Hendricks "was unfamiliar with any of the details surrounding the lease marketing, the lease negotiation, and the lease execution, that are pivotal to the court." The court also found the leases contained various "atypical lease provisions," including an option for a seventy-five-year extension, leading the court to question whether the leases were "reflective of current fair market rental values," citing Parkview Vill. Assocs. v. Collingswood Borough, 62 N.J. 21, 35 (1972) (finding "the present rent" on a "commercial property tied to a long term lease made long before the current assessing date . . . may well be out of line with current fair rental value").

The court also found not credible Hendricks's cost-approach calculation of value, particularly his assessment of the land value. Henricks based his land-value opinion on four land-sale transactions he viewed as comparable transactions. The court found that although Hendricks had verified with the sellers those transactions were arms-length, he had not reviewed the real-estate contracts and had not spoken with the purchasers or developers to determine "whether each property's purchase price was manipulated, affected, or dictated by the rental income stream attributable to the . . . leases" on the properties, some of which had an atypical seventy-five-year term, and, thus, did not have

"an adequate understanding of how the leases, or provisions under the contracts making them contingent upon signing leases, may have impacted the negotiated sale prices." The court concluded those four land sales were "not credible evidence of true or fair market value" and, consequently, Hendricks's opinion about the value of the land under his cost-approach analysis was "fatally flawed and not credible."

The Tax Court acknowledged its obligation to determine valuation and render an assessment but found the "record contain[ed] insufficient credible data and information to enable the court to make a reliable, independent finding of the subject property's true value as of the October 1, 2014, October 1, 2015, October 1, 2016, October 1, 2017, and October 1, 2018 valuation dates." Concluding the Township had not proven its case by a preponderance of the evidence and had not overcome the presumption of validity, the Tax Court affirmed the 2015 through 2019 tax assessments of the property.

On appeal, the Township argues the record contains sufficient credible evidence regarding the property's land value and faults the Tax Court for not finding Hendricks's valuation credible and for not reaching its own determination of value. Perceiving no legal error or basis to disturb the court's factual findings or credibility determinations, we affirm.

A-2245-21

II.

"An appellate court accords a highly deferential standard of review to tax court decisions." N.J. Tpk. Auth. v. Twp. of Monroe, 30 N.J. Tax 313, 318 (App. Div. 2017). "Judgments of a trial judge sitting without a jury 'are considered binding on appeal when supported by adequate, substantial and credible evidence.'" City of Newark, 466 N.J. Super. at 180 (quoting Glob. Terminal & Container Serv. v. Jersey City, 15 N.J. Tax 698, 702 (App. Div. 1996)). "This is especially so with respect to the findings of the Tax Court because of the special expertise afforded to such courts." Ibid. (quoting Glob. Terminal, 15 N.J. Tax at 703). That deference also applies to a Tax Court's credibility determinations. Phillips v. Hamilton Twp., 15 N.J. Tax 222, 226 (App. Div. 1995) (finding we give "due regard to the Tax Court's expertise and ability to judge credibility" (quoting Southbridge Park, Inc. v. Borough of Fort Lee, 201 N.J. Super. 91, 94 (App. Div. 1985))). "Therefore, we 'will not disturb [the Tax Court's] finding unless they are plainly arbitrary or there is a lack of substantial evidence to support them.'" City of Newark, 466 N.J. Super. at 180 (alterations in original) (quoting Pine St. Mgmt. Corp. v. City of E. Orange, 15 N.J. Tax 681, 686 (App. Div. 1995)).

A-2245-21

When reviewing a Tax Court's factual findings, an appellate court examines "whether the findings of fact are supported by substantial credible evidence with due regard to the [t]ax [c]ourt's expertise and ability to judge credibility." Yilmaz, Inc. v. Dir., Div. of Tax'n, 390 N.J. Super. 435, 443 (App. Div. 2007). Consequently, a Tax Court's factual findings are not disturbed "unless they are plainly arbitrary or there is a lack of substantial evidence to support them." Glenpointe Assocs. v. Twp. of Teaneck, 241 N.J. Super. 37, 46 (App. Div. 1990). "Although an appellate court defers to a tax court's valuation decisions, it will review de novo a tax court's legal decisions." N.J. Tpk. Auth., 30 N.J. Tax at 318 (citing Toll Bros. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)).

"Original assessments . . . are entitled to a presumption of validity." City of Newark, 466 N.J. Super. at 181 (quoting MSGW, 18 N.J. Tax at 373). The party challenging the assessment must prove "the assessment is erroneous." Ibid. (quoting MSGW, 18 N.J. Tax at 373). The evidence a challenger uses to establish the invalidity of an assessment "must be 'definite, positive and certain in quality and quantity.'" MSGW, 18 N.J. Tax at 373 (quoting Pantasote, 100 N.J. at 413). It "must be 'sufficient to determine the value of the property under appeal, thereby establishing the existence of a debatable question as to the

9

correctness of the assessment.'" City of Newark, 466 N.J. Super. at 181 (quoting W. Colonial Enters., LLC v. City of E. Orange, 20 N.J. Tax 576, 579 (Tax 2003)). A Tax Court judge is "free to accept or reject in whole or in part the testimony of" an expert witness. Southbridge Park, 201 N.J. Super. at 94. If the challenger meets the evidential standard and proves the assessment is invalid, "the trial court must 'appraise the testimony, make a determination of true value and fix the assessment.'" City of Newark, 466 N.J. Super. at 181 (quoting Rodwood Gardens, Inc. v. City of Summit, 188 N.J. Super. 34, 38-39 (App. Div. 1982)).

The Tax Court found the Township, relying on the flawed report and testimony of its expert, did not meet its burden. We see no basis to reverse that decision. The Township faults the Tax Court for not determining the value of the property given its recent sale. But the Township's own expert expressly declined to rely on the sale price of the property in his assessment of its value, testifying "it was a buy-out of the ground lease. . . . [A]nd all the sales data [he] had didn't comport to the $7,620,000 [sales price] valuation," and stating in his report the sale "involved the acquisition of the leased fee interest in the [g]round [l]ease for the property dated March 13, 2012." The Township faults the court for not considering the leases and transactions on which Hendricks relied. But

the Tax Court clearly articulated its reasons, supported by credible evidence in the record, as to why it had concluded those transactions were not reliable indicators of market value and why Hendricks's "comparable" transactions weren't really comparable.

The Township also claims the Tax Court erred by expecting Hendricks to review the purchase contracts or speak to the buyers of the land sales. However, those efforts were not unrealistic or impractical hurdles the court placed in front of the Township's expert. See Glen Wall Assocs. v. Twp. of Wall, 99 N.J. 265, 276-77 (1985) (faulting Tax Court for focusing on a "miniscule difference" and finding "[a]n expert should be expected to support his opinion with as much documentation as necessary, but within realistic and practical limits"). Instead, as the Tax Court explained, those efforts were necessary to establish the transactions on which Hendricks relied were comparable to the transactions at issue and accurately and reliably reflected market value.

We recognize our Supreme Court has found the Tax Court has a "duty to apply its own judgment to valuation data submitted by experts in order to arrive at a true value and find an assessment for the years in question." Ford Motor Co. v. Twp. of Edison, 127 N.J. 290, 311 (1992) (quoting Glen Wall, 99 N.J. at 280). But that duty arises only after the challenger to the assessment has

11

rebutted by "cogent evidence" the presumed validity of the assessment and has proven with evidence that is "definite, positive and certain in quality and quantity" the assessment is erroneous. <u>City of Newark</u>, 466 N.J. Super. at 181 (quoting <u>MSGW</u>, 18 N.J. Tax at 373). Here, the flawed proofs presented by the Township did not "raise[] a sufficient challenge to the correctness of the municipal assessment to require the Tax Court to exercise its independent judgment as to value." <u>Ford Motor Co.</u>, 127 N.J. at 311. Accordingly, we affirm.

To the extent we have not otherwise commented on them, we have duly considered the Township's other arguments and conclude they lack sufficient merit to warrant discussion in a written decision. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2245-21