**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1813-22

PARASTU SHARIFI,

    Plaintiff-Appellant,

v.

TOWNSHIP OF EAST WINDSOR,

    Defendant-Respondent.

_____

> Submitted September 16, 2024 – Decided October 28, 2024
>
> Before Judges Gummer and Berdote Byrne.
>
> On appeal from the Tax Court of New Jersey, Docket No. 11729-2021.
>
> Parastu Sharifi, appellant pro se.
>
> Inglesino, Wyciskala, Taylor, Grieco & Driscoll, LLC, attorneys for respondent (James Esposito, on the brief).

PER CURIAM

    Plaintiff Parastu Sharifi appeals from the Tax Court's January 10, 2023 final order and judgment affirming the June 22, 2021 judgment of the Mercer

County Board of Taxation, which adopted an October 1, 2020 tax assessment of plaintiff's condominium unit in the Township of East Windsor. Plaintiff argues the assessments for similar units owned by her wealthy neighbors are lower than the assessment for her property, the discrepancy is discriminatory, and she is entitled to the same tax rates as them. During the Tax Court trial addressing the appeal of her assessment, plaintiff failed to overcome the presumption of validity attached to the assessment of her property and failed to provide any evidence of the actual value of her unit, a prerequisite to any of her claims. Accordingly, we affirm the Tax Court's order and judgment affirming the Mercer County Board of Taxation's judgment.

## I.

We glean the following facts from the record. Plaintiff and Ali Vakili own a condominium unit located at Old Millstone Drive in East Windsor, which was purchased for $81,500 in 2004. According to plaintiff, the property is one of 470 Windsor Regency Condominium Association ("WRCA") units. The Board assessed the value of the property at $95,300 in 2013 and, following a reassessment, $90,000 in each year thereafter through 2020. In 2020, plaintiff paid $2,929.50 in property taxes for her property based upon an assessed value of $90,000.

A-1813-22

On February 23, 2021, plaintiff, self-represented, appealed from the October 1, 2020 assessment of her property. Citing "DISCRIMINATORY TAX ASSESSMENT IN COMPAR[ISON] TO [HER] WHITE NEIGHBOR," plaintiff requested the Board reduce the assessment from $90,000 to $65,000. In support of her appeal to the Board, plaintiff submitted documents relating to two unrelated tax appeals, settled on April 23 and June 11, 2014. Plaintiff did not establish a connection between the value of her property and these documents, but claimed the Board reduced the tax assessment for those similar properties from $90,000 to $65,000, entitling her to the same reduction.

After conducting a hearing on plaintiff's initial appeal, the Board ruled plaintiff had not overcome the presumption of validity attached to the assessment of her property and entered judgment with the same assessed value.

Plaintiff appealed the Board's memorandum of judgment. Although she specified her complaint "pertain[ed] to [her] . . . parcel," plaintiff nonetheless demanded both a reduction of her assessment and requested the Tax Court "issue a reassessment order for all condominiums located at District of 1101[] in East Windsor." She expanded on her discrimination claim, explaining she had been "paying way more in property taxes [than] . . . individual millionaires and their corporations who . . . own multiple units, [many of] which . . . are . . . the same

size and in many case[s] in a better condition."  Plaintiff claimed the Board's alleged discriminatory assessments violated the New Jersey Constitution, N.J. Const. art. VIII, § 1, ¶ 1; the New Jersey Property Taxpayer Bill of Rights, N.J.S.A. 54:1-2.1; and the Board's Oath of Office.

At the outset of the January 9, 2023 trial, the Tax Court explained plaintiff had "the burden of persuasion" to "overcome the presumption of validity" regarding her assessment and then "the burden of proof" regarding her property's fair market value.  The court elaborated it was concerned with the value of her property because it could not determine if she had been discriminated against until it knew the fair market value of her property.  Plaintiff indicated, although English is her second language, she understood what the court had said and did not require an interpreter.

Throughout the trial, the court repeatedly reminded plaintiff of the two-step process she was required to follow to establish the property's value before addressing any potential discrimination.  It described to her the "cost," "comparable sales," or "income" approaches she could use to establish her property's value.  The court emphasized she had taken an appeal of only her assessment, not the assessments of units owned by her neighbors. Without first knowing her property's value, the court could not determine if the Board had

4

over-assessed her unit, compared to the assessments of other units, and address the issue of potential discrimination.

The Tax Court further explained:

> [w]hile it is undisputed that certain other unit owners filed complaints for tax years 2010-2013 and then settled the same [in] 2014, the fact of and bases for those settlements are irrelevant to, and do not establish [the property's] market value as of October 1, 2020. Once the court has credible proof to determine valuation, then any allegations of discrimination due to other units' lower assessments for tax year 2021, [can] be addressed through the application of Chapter 123 [N.J.S.A. 54:51A-6(a)]. Claims of alleged racial discrimination do not play a role in the court's obligation to decide a property's fair market value . . . .
>
> [(Emphasis omitted).]

The Tax Court entered a final order and judgment on January 10, 2023, affirming the Board's assessment. This appeal followed.

## II.

Before us, plaintiff argues the Tax Court violated her Fourteenth Amendment due process rights, U.S. Const. amend. XIV, and violated the uniformity clause of the New Jersey Constitution, N.J. Const. art. VIII, § 1, ¶ 1, by affirming the Board's judgment, which, in turn, adopted the allegedly discriminatory assessment of her property. We disagree as her arguments are belied by the record.

5

We apply "a highly deferential standard of review" to decisions of a Tax Court, Brown v. Borough of Glen Rock, 19 N.J. Tax 366, 375 (App. Div. 2001), because "judges presiding in the Tax Court have special expertise," Glenpointe Assocs. v. Twp. of Teaneck, 241 N.J. Super. 37, 46 (App. Div. 1990); see also Cargill Meat Sols., Corp. v. Dir., Div. of Tax'n, 477 N.J. Super. 85, 100 (App. Div. 2023), certif. denied, 257 N.J. 254 (2024). A Tax Court's factual findings are undisturbed if "supported by substantial credible evidence." Ibid. (quoting Yilmaz, Inc. v. Dir., Div. of Tax'n, 390 N.J. Super. 435, 443 (App. Div. 2007)). Our review of a Tax Court's legal decisions, however, is de novo. Ibid.

Pursuant to N.J.S.A. 54:3-21(a)(1), an aggrieved taxpayer may appeal his or her property tax assessment to the county board of taxation or directly to the Tax Court if the property assessment exceeds $1,000,000. "[A] complaint challenging 'the quantum or methodology applied in respect of' a municipal tax assessor's assessment on real property 'fall[s] squarely within the band of cases subject to the established tax appeal process.'" Arsenis v. Borough of Bernardsville, 476 N.J. Super. 195, 210 (App. Div. 2023) (quoting McMahon v. City of Newark, 195 N.J. 526, 543-44 (2008), certif. denied, 257 N.J. 524 (2024)).

The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law; []or deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. One "critical component[]" of due process is the "opportunity for a fair hearing and availability of appropriate review." Jantzen v. Green Twp., 33 N.J. Tax 222, 235 (Tax 2023) (quoting Centorino v. Tewksbury Twp., 18 N.J. Tax 303, 316 (Tax 1999), remanded on other grounds, 347 N.J. Super. 256 (App. Div. 2001)).

Pursuant to the uniformity clause of the New Jersey Constitution,

> [p]roperty shall be assessed for taxation under general laws and by uniform rules. All real property assessed and taxed locally or by the State for allotment and payment to taxing districts shall be assessed according to the same standard of value, except as otherwise permitted herein, and such real property shall be taxed at the general tax rate of the taxing district in which [it] is situated, for the use of such taxing district.
>
> [Tartivita v. Borough of Union Beach, 33 N.J. Tax 16, 19 (App. Div. 2021) (quoting N.J. Const. art. VIII, § 1, ¶ 1(a)).]

"Original assessments . . . are entitled to a presumption of validity." City of Newark v. Twp. of Jefferson, 466 N.J. Super. 173, 181 (App. Div. 2021)

(quoting MSGW Real Est. Fund, LLC v. Borough of Mountain Lakes, 18 N.J.

Tax 364, 373 (Tax 1998)).

> The presumption attaches to the quantum of the tax
> assessment. Based on this presumption the appealing
> taxpayer has the burden of proving that the assessment
> is erroneous. The presumption in favor of the taxing
> authority can be rebutted only by cogent evidence, a
> proposition that has long been settled. The strength of
> the presumption is exemplified by the nature of the
> evidence that is required to overcome it. That evidence
> must be definite, positive[,] and certain in quality and
> quantity to overcome the presumption.
>
> [Ibid. (quoting Pantasote Co. v. City of Passaic, 100
> N.J. 408, 413 (1985) (internal quotations omitted)); see
> also Ford Motor Co. v. Twp. of Edison, 127 N.J. 290,
> 313-14 (1992).]

"Evidence that overcomes the presumption 'must be sufficient to determine the

value of the property under appeal, thereby establishing the existence of a

debatable question as to the correctness of the assessment.'" City of Newark,

466 N.J. Super. at 181 (quoting W. Colonial Enters., LLC v. City of E. Orange,

20 N.J. Tax 576, 579 (Tax 2003) (internal quotations omitted), aff'd, 21 N.J. Tax

590 (Tax 2004)).

We perceive no deprivation of due process or violation of the uniformity

clause. Instead, the Tax Court provided plaintiff with guidance regarding

procedures she could follow to establish the value of her property, including

providing information regarding the three types of appraisal methods that may be used. After plaintiff indicated she had public records of two previous sales of her property, the Tax Court encouraged her to utilize the comparable-sales method. Despite this guidance, plaintiff failed to submit evidence overcoming the presumption that her property had a fair market value of $90,000.

To the contrary, plaintiff repeatedly insisted she was "not fighting the assessment" but rather "fighting the discrimination." She stated she did not care about proving whether the assessment "was right or wrong." Instead, she expressed interest in knowing how the Board had calculated her neighbors' assessments and reasoned that "if they got [a] discount for [their] property tax assessment, [she] should get that discount as well." She admitted multiple times throughout the trial that she did not disagree with her property's assessment or the relation of the assessment to her property's fair market value.

As the Tax Court correctly explained, "[o]nly after the presumption [of validity of the assessment] is overcome with sufficient evidence at the close of trial must the court 'appraise the testimony, make a determination of true value[,] and fix the assessment.'" Acocella v. Cedar Grove Twp., 29 N.J. Tax 325, 335 (Tax 2016) (quoting Rodwood Gardens, Inc. v. City of Summit, 188 N.J. Super. 34, 38 (App. Div. 1982)); see also City of Newark, 466 N.J. Super. at 181; Orient

Way Corp. v. Twp. of Lyndhurst, 28 N.J. Tax 272, 277 (App. Div. 2014); Little Egg Harbor Twp. v. Bonsangue, 316 N.J. Super. 271, 285-86 (App. Div. 1998). If the court determines sufficient evidence has not been produced to overcome the presumption, the assessment is affirmed, and the court need not make an independent determination of value. Acocella, 29 N.J. Tax at 335; see also Glob. Terminal & Container Serv. v. Jersey City, 15 N.J. Tax 698, 703-04 (App. Div. 1996). However, if the presumption of validity is overcome, the Tax Court must then establish the fair market value of the property. To be sure, a finding that plaintiff has overcome the presumption of correctness does not equate to a finding that the assessment is erroneous but merely calls the assessment into question and permits the Tax Court to address the weight of the proffered evidence in order to determine if plaintiff has met her burden of proof with respect to the fair market value of the property. See Ford Motor Co., 127 N.J. at 314-15 (explaining "although there may have been enough evidence to overcome the presumption of correctness at the close of plaintiff's case-in-chief, the burden of proof remain[s] on the taxpayer throughout the entire case . . . to demonstrate that the judgment under review was incorrect").

Only after plaintiff had satisfied her burden of proof pursuant to this two-pronged test could the Tax Court consider plaintiff's discrimination claim. Even

then, had plaintiff met her burden, "Chapter 123[, N.J.S.A. 54:51A-6(a)] provides a statutory formula for determining whether an assessment is discriminatory," Murnick v. City of Asbury Park, 95 N.J. 452, 456 (1984), but "[p]roof of comparative assessments is inadequate to sustain a claim of discrimination." AHS Hosp. Corp. v. Town of Morristown, 28 N.J. Tax 456, 520 (Tax 2015) (quoting Rothman v. City of Hackensack, 1 N.J. Tax 438, 441 (Tax 1980), aff'd, 4 N.J. Tax 529 (App. Div. 1981)); see also Southbridge Park, Inc. v. Borough of Fort Lee, 201 N.J. Super. 91, 94 (App. Div. 1985) (affirming the Tax Court's preclusion of "an attempt to prove discrimination by comparative apartment building assessments"). The neighboring assessments plaintiff offered as evidence were insufficient to overcome her burden of proving the accuracy of her property's assessment when compared to its fair market value. As properly noted by the Tax Court, "[w]ithout that, which is the beginning part of the equation, the [c]ourt is hamstrung. It cannot find that anyone is being discriminated against. It cannot compare assessments to assessments."

Plaintiff's attempts to prove her discrimination case without first rebutting the presumption of the validity of her assessment or establishing the fair market value of her property were improper and ultimately futile. The Tax Court

11

accurately and repeatedly instructed her on the proper procedure to prove her case and correctly affirmed her assessment when she failed to meet her burden.

To the extent we have not addressed any of plaintiff's remaining arguments, we are satisfied they lack sufficient merit to warrant discussion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1813-22