PER CURIAM.
The owner of an apartment complex appeals a Tax Court decision establishing real property tax assessments for 1983 and 1984. The township cross-appeals. The primary issue involves the method utilized by the Tax Court to determine the fair rental value of plaintiff’s apartments as an element of the income approach to establish the fair market value of the property.
The complex consists of 115 apartments and some garages. There are six categories of apartments ranging from three and a half-room apartments to six-room apartments. The category with the most apartments is the five-room duplex apartment. There are 68 of them.
At trial, plaintiff introduced evidence of the actual rents received as of October 1, 1982 and October 1, 1983, the assessment dates. Plaintiff urged at the trial level and argues here that actual rents in this case are equivalent to economic rent, i.e., the fair market rent, relying upon Parkview Associates v. Collingswood, 62 N.J. 21, 297 A.2d 842 (1972). Defendant’s expert used the highest rent achieved as of the assessment date of any apartment in each category as the economic rent of all apartments in that category. For example, as of October 1, *202 1982, five of the 68 five room duplex apartments were renting for $450 a month. Sixty-three of those apartments were renting for less. Defendant’s expert concluded that the fair market value of all five-room duplex apartments was $450 a month.
The Tax Court agreed with and adopted defendant’s expert’s position. The Tax Court found that there were no differences among apartments within a particular category. This finding does not appear to be contested and is supported by the evidence. The Tax Court also noted that the plaintiff's expert testified that he had made a study of the rent rolls of this complex and found that rents were raised on a uniform basis and that differences in rents among apartments of the same category at a given time were the result of timing, i.e., the leases of the apartments paying the lower rent had not yet expired so as to enable the owner to raise the rent. An inference that rents will be increased to the higher level upon expiration of each lease in less than a year from the assessment date is supported by this testimony. Plaintiff’s approach yields an actual rent roll as of October 1, 1982 and 1983 of $540,840 and $590,580. Defendant’s methodology, adopted by the Tax Court, results in an economic rent as of the same dates of $596,700 and $648,580.
Plaintiff argues that the Tax Court’s approach violates the principles of Parkview Village Associates v. Collingswood, supra. Specifically, plaintiff relies upon the following language in Parkview:
In the absence of convincing evidence to the contrary, the current ongoing income scale of a large, well managed apartment project like this, functioning as customary with leases of relatively short length, should be deemed prima facie to represent its fair rental value for purposes of a capitalized income method of property valuation. [ 62 N.J. at 34, 297 A.2d 842],
Clearly, this court and the Tax Court must apply the principle that actual rent should be applied prima facie to represent economic rent. However, Parkview does not preclude an adjustment to actual rent to reach economic rent. In Parkview, the Supreme Court reversed the determination of the Division of Tax Appeals that 15% should be added to the actual rent because that determination was not supported by substantial *203 credible evidence. In fact, the Supreme Court found the Division’s determination to be “conspicuously deficient in essential findings of fact.” 62 N.J. at 34, 297 A.2d 842.
A recent Supreme Court decision approved an adjustment to actual rent similar to that effected by the Tax Court in this case. In Glen Wall Associates v. Wall Tp., 99 N.J. 265, 491 A. 2d 1247 (1985), an expert witness started with the actual rent roll, then “stabilized” it by increasing the actual rent by $1,047 a month, thereby adjusting for apartments with leases due to expire shortly after the assessment date. As a result of this stabilization, the rent of those apartments equalled that of similar units that had been let more recently. The Tax Court’s rejection of this approach was disapproved by the Supreme Court:
We therefore disagree with the Tax Court and hold that the taxpayer’s use of stabilized actual rent was a reasonable method of determining the economic rent of the complex and was supported by sufficient and competent evidence in the record. [ 99 N.J. at 275, 491 A.2d 1247],
In fact, the Supreme Court deemed this adjusted actual rent to be entitled to the presumption announced in Parkview Village Associates, supra.
In the case at bar, the Tax Court’s determination that the adjusted rent constitutes the economic rent is supported by the evidence in the record. All apartments were rented under leases for one-year terms. These terms expired at different times during the year. The study performed by plaintiff’s expert indicated to him that rent increases were uniform and the only reason rent for some apartments was less than the highest rents achieved for that category of apartments was timing, i.e., the rents will be increased upon expiration of each lease in less than one year. This court perceives no violation of any principle enunciated in Parkview Village Associates, supra.
Plaintiff also attacks the Tax Court’s determinations of repair and maintenance expenses and management expenses. The Tax Court’s findings are supported by credible evidence. The Tax Court utilized actual management expenses as indi *204 cated in the taxpayer’s records. In fixing repair and maintenance expenses below actual expenses incurred in the tax years under review, the Tax Court relied on the testimony of the township’s expert, which was based on the taxpayer’s expense history over a multi-year period.
The township had assessed plaintiff’s property at $1,850,000 for the tax years 1983 and 1984. The judgment of the Tax Court reduced the 1983 assessment to $1,508,200 but maintained the 1984 assessment at $1,850,000. The plaintiff alleges that this result produces grossly disparate assessments contrary to sound assessment policy. The disparity results from the application of the chapter 123 ratio. N.J.S.A. 54:1-35a and :51A-6. This adjustment was based on ratios stipulated to by the parties at the beginning of the trial. Plaintiff does not argue that the chapter 123 adjustment was erroneously performed.
Defendant cross-appeals from the Tax Court’s determination of the capitalization rate. The Tax Court rejected the rates proposed by each party’s expert witness and derived its own capitalization rate from the data found in the record. The Tax Court has the authority to make that determination. Glen Wall Associates v. Wall Tp., supra.
The judgment of the Tax Court is affirmed.