NOT FOR PUBLICATION WITHOUT APPROVAL OF

TAX COURT OF NEW JERSEY



**Kathi F. Fiamingo**
**Judge**

**120 High Street**
**Mount Holly, NJ 08060**
**(609) 288-9500 Ext 38303**

**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE TAX COURT
COMMITTEE ON OPINIONS**

September 11, 2018

Robert D. Blau, Esq.
Blau & Blau
223-B Mountain Avenue
Springfield, New Jersey 07081

Daniel Kim, Esq.
Chiesa, Shahinian & Giantomasi P.C.
One Boland Drive
West Orange, New Jersey 07052

   Re: Township of Gloucester v. Lakeview Realty Investment Assocs.
     <u>Docket No. 006879-2018</u>

Dear Counsel:

This letter constitutes the court's opinion with respect to defendant's motion, under <u>R.</u> 1:9-2 and <u>R.</u> 4:10-3, to quash plaintiff's May 1, 2018 Subpoena Duces Tecum issued to Investors Bank. For the reasons explained more fully below, defendant's motion is granted.

I. <u>Finding of Facts and Procedural History</u>

The court makes the following findings of fact based upon the court record and the submissions of the parties. On March 30, 2018 plaintiff filed an appeal of the 2018 real property tax assessment on the properties located at 590 Lower Landing, designated as Block 4403, Lot 1,

and 200 Lake View Drive, designated as Block 5101, Lot 3 (collectively the "Subject Properties"), in Gloucester Township.  Defendant filed an answer and counterclaims on April 6, 2018.

On or about May 1, 2018 plaintiff issued a subpoena duces tecum to Investors Bank (the "Bank") a non-party to this litigation, to produce "all real estate appraisals, mortgage note, income and expense statements and rent rolls" relative to the subject property and defendant's mortgage with the Bank.  The referenced mortgage with the bank was executed on December 1, 2015.  On May 29, 2018 defendant filed the present motion to quash the subpoena duces tecum.

II.      Legal Issues and Analysis

"Our court system has long been committed to the view that essential justice is better achieved when there has been full disclosure so that the parties are conversant with all the available facts."  Jenkins v. Rainner, 69 N.J. 50, 56 (1976).  A party may obtain discovery which "appears reasonably calculated to lead to the discovery of admissible evidence" pertaining to the cause of action. In re: Liquidation of Integrity Ins. Co., 165 N.J. 75, 82 (2000). The court rules afford litigants the right to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action..." R. 4:10-2(a).  The referenced court rule does not define the term "relevant evidence".  Elsewhere it is defined as as "evidence having any tendency in reason to prove or disprove any fact of consequence to the determination of the action." See N.J.R.E. 401. Relevant evidence is not limited to evidence "which would necessarily be admissible in evidence but includes information reasonably calculated to lead to admissible evidence respecting the cause of action or its defense." Pressler & Verniero, Current New Jersey Rules Governing the Courts, comment 1 on R. 4:10-2(a) (2018).  Therefore the inadmissibility of evidence is not a ground for objection "if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." R. 4:10-2(a). See also Irval Realty Inc. v. Board of

Public Utility Commissioners, 115 N.J. Super. 338, 346, 279 A.2d 866 (App. Div. 1971), aff'd, 61 N.J. 366, 294 A.2d 425 (1972); Berrie v. Berrie, 188 N.J. Super. 274, 278, 457 A.2d 76 (Ch. Div. 1983).

Thus, "New Jersey's discovery rules are to be construed liberally in favor of broad pretrial discovery." Payton v. N.J. Tpk. Auth., 148 N.J. 524, 535 (1997) (citing Jenkins v. Rainner, 69 N.J. 50, 56 (1976)); see also Shanley & Fisher, P.C. v. Sisselman, 215 N.J. Super. 200, 215-216 (App. Div. 1987). While liberal and broad, discovery requests are properly precluded where they constitute mere "fishing expeditions" which are "entirely immaterial to the resolution of [the] issue." Korostynski v. State, Div. of Gaming Enforcement, 266 N.J. Super. 549 (App. Div. 1993). The court on motion, "may quash or modify the subpoena or notice if compliance would be unreasonable or oppressive…" R. 1:9-2; See In re Grand Jury Subpoena Duces Tecum, 143 N.J.Super. 526, 636-39 (Law Div.1976) (holding that subpoenaed documents must bear some "possible" relationship to matter being investigated, description of documents must not be unreasonably vague and nonspecific, and period of time within which subpoenaed documents are concerned must be reasonable). The court may quash a subpoena if it too "broad and indefinite as to be oppressive and in excess of the demandant's necessities." Wasserstein v. Swern & Co., 84 N.J. Super. 1, 7 (App. Div. 1964).

Moreover, the court may "quash or modify the subpoena…if compliance would be unreasonable or oppressive and…may condition denial of the motion upon the advancement by the person in whose behalf the subpoena or notice is issued of the reasonable cost of producing the objects subpoenaed." R. 1:9-2. See also In re: Grand Jury Proceedings of Guarino, 104 N.J. 218 (1986); In re Addonizio, 53 N.J. 107 (1968); In re Grand Jury Subpoenas Duces Tecum Served by Sussex County, 241 N.J. Super. 18 (App. Div. 1989). The determination of what discovery request

is reasonable and relevant, and what constitutes an annoying, embarrassing, oppressive or unduly burdensome request, must be measured by the trial court on a case-by-case basis. Berrie, 188 N.J. Super. at 278.

2015 Appraisal Report

The central issue facing the court is the determination of the true market value of the subject properties as of the October 1, 2017 valuation date. The May 1, 2018 Subpoena seeks production of "[a]ll real estate appraisals, mortgage note, income and expense statements and rent rolls" associated with defendant's December 1, 2015 Mortgage and Note in favor of Investors Bank. Defendant certifies that the appraisal report sought under the May 1, 2018 Subpoena was completed on August 18, 2015 and values the subject properties as of August 3, 2015 using a leased fee method of appraisal.

Defendant argues that the 2015 appraisal report offers valuation opinion as of a date which is far removed from the October 1, 2017 valuation date and thus are not relevant to the true market value of the subject properties on that date. Defendant maintains that the 2015 appraisal report will not reasonably lead to the discovery of "admissible" evidence. The standard for determining the discoverability of evidence is not its later admissibility at trial. The question is whether it will lead to the discovery of admissible evidence.

If the report in question was a comparable sale report, it might employ data which was relevant to the valuation date before the court. The court finds that information contained in an appraisal report based on comparable sale, as of a date preceding the valuation date by 26 months would not be too remote in time and might lead to the discovery of admissible evidence. In this case, however, such a conclusion however does not end the inquiry.

Defendant notes that the 2015 appraisal report utilizes a leased fee approach to valuation and argues that such a report has no relevance to the determination of the fair market value of the subject properties. A leased fee appraisal report is one which values the "ownership interest held by the lessor, which includes the right to the contract rent specified in the lease plus the reversionary right when the lease expires." Appraisal Institute, The Appraisal of Real Estate 72 (14th ed. 2013). Conclusions of value based on a leased fee approach for tax assessment purposes have generally been rejected by this court. See Marina Dist. Development Co., LLC v. City of Atlantic City, 27 N.J. Tax 469, 488 (Tax 2013), aff'd 28 N.J. Tax 568 (App. Div. 2015), certif. denied, 223 N.J. 354 (2015); Pine Plaza Associates, l.L.C. v. Hanover Twp., 16 N.J. Tax 194, 199 (Tax 1996).

The court agrees that the conclusion of value in an appraisal report based on a leased fee approach is not relevant to the fair market value of the subject properties in this matter. The question remains whether the data employed in that report would lead to admissible evidence in the current action. Defendant suggests that any data relied upon by the appraiser would be based on information going back to calendar year 2014, which defendant maintains is not relevant to the 2018 tax year. Defendant's argument has merit. The relevance of leases and rental income in effect three years prior to the valuation date is questionable. Plaintiff admits as much in arguing that the subject properties consist of apartment buildings with leases of relatively short duration. Thus, without more, it is questionable whether data accumulated from leases in existence some three years prior to the valuation date have relevance to the matter at hand.

Under the circumstances where the conclusion of value is based on a leased fee approach, and the data utilized in such approach is of limited relevance, the court finds that the 2015 appraisal report is not likely to lead to the discovery of admissible evidence. Accordingly, defendant's

motion to quash the subpoena served on Investor's Savings Bank for the real estate appraisal relative to the December 1, 2015 loan is granted.

2015 Income and Expense Statements, Rent Rolls, Note and Mortgage

The May 1, 2018 subpoena also seeks all "income and expense statements and rent rolls" associated with the 2015 Mortgage and Note on the subject property. Initially, the court recognizes that the preferred method for determining the estimated market value of income-producing property is the income capitalization approach. Parkway Village Apartments Co. v. Township of Cranford, 8 N.J. Tax 430 (Tax 1985), aff'd, 9 N.J. Tax 199 (App. Div. 1986), rev'd on other grounds, 108 N.J. 266, 528 A.2d 922 (1987); Helmsley v. Borough of Fort Lee, 78 N.J. 200, 394 A.2d 65 (1978); Hull Junction Holding Corp. v. Borough of Princeton, 16 N.J. Tax 68, 79 (Tax 1996). Thus the income and expense statements and rent rolls would likely contain information which is probative of, and relevant to, the true market value of the subject property.

In considering whether to restrict the scope of discovery under R. 4:10-2 and R. 4:10-3, the court must balance the "beneficial effects of discovery against its disadvantages". State ex rel W.C., 85 N.J. 218, 224 (1981). In exercising this discretion the court should weigh whether the evidence being sought would meaningfully contribute to the prosecution or defense of the cause of action, or whether it would likely lead to unnecessary burdens, annoyance, harassment or embarrassment. The party moving to quash a subpoena bears the burden of demonstrating the request is oppressive or unreasonable. However, one of the key factors employed by the courts in evaluating whether a subpoena is burdensome, oppressive or unreasonable, is the requesting party's need for the production. See Berrie, 188 N.J. Super. at 286; Northrop Corp. v. McDonnell Douglas

Corp., 751 F.2d 395, 405 (D.C. Cir. 1984); In re Auto. Refinishing Paint Antitrust Litig., 229 F.R.D. 482, 495 (E.D. Pa. 2005).

Here, the information demanded may be obtained from defendant directly. Plaintiff has not demonstrated a substantial need for the production of these documents which it could obtain already from defendant. The object of our discovery rules are to enable a litigant to obtain insight into an adversary's evidence and cause of action, not to burden a non-party to the litigation with requests for discovery which seek duplicative information that it may obtain by a litigant to the action. Weighing the probative value of the income and expense statements and rent rolls furnished to defendant's lender, against the duplicative nature of plaintiff's request, the court will not compel Investors Bank to produce them at this time. "Where the need for the information was not sufficient to outweigh the invasion of...privacy, discovery has been denied especially where the deponent is not a party to the suit." Berrie, 188 N.J. Super. at 286 (citing Premium Service Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975)).

Similarly, plaintiff has not demonstrated the refusal by defendant to produce the Note and Mortgage in this matter. Nor has plaintiff demonstrated its demand for any of the foregoing information and the refusal by defendant to produce the same.

III.    Conclusion

For all of the foregoing reasons defendant's motion to quash plaintiff's May 1, 2018 Subpoena is granted.

Very truly yours,


Kathi F. Fiamingo, J.T.C.